## GRAVER v. GUARDIAN TRUST COMPANY.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided March 5, 1928.

Syllabus by Editorial Staff.

57. AID OF EXECUTION—570. Garnishment.
Garnishees, in aid of execution, not parties to proceedings and not bound by findings of referee.

941. PRACTICE AND PROCEDURE—1104. Statutes—677. Judgments and Decrees.
Provisions of 11470 GC. confer substantial rights and are mandatory where questions of fact are tried by court without intervention of jury. Journal entry, purporting to comply with request for separate finding, not sufficient.

Error to Municipal Court.

Judgment reversed.

Harry Efros, Cleveland, for Graver.
F. K. Pickering, Cleveland, for Guardian Trust Co.

## STATEMENT OF FACTS.

This cause comes here on error proceedings from a judgment in favor of the defendant. It appears that the plaintiff, in a proceeding previous to the case at bar, recovered a judgment against one Raymond Bunch and William R. Parmele. After said judgment was obtained, execution was issued and returned, "No money made," and, on the same day, an affidavit for order in aid of execution was filed and later returned, served on the Guardian Trust Company, the Broadway Mortgage & Investment Company, the Cleveland Liberty Bank, Raymond C. Bunch, William R. Parmele, and others. The aid proceedings were referred to a referee appointed by the Common Pleas Court.

The Cleveland Liberty Bank, and the Broadway Mortgage & Investment Company, through their officers, testified at the hearing. The aid proceedings sought to reach certain certificates in the hands of the Guardian Trust Co., and which were claimed to be the property of the judgment debtor.

The Cleveland Liberty Bank, and the Broadway Mortgage & Investment Company, claimed ownership of said certificates.

The referee, after a hearing, made a finding that the certificates were the property of Raymond C. Bunch, and William R. Parmele, judgment debtors. The finding was approved by the court, and an order issued upon the Guardian Trust Co. to turn the certificates over to the sheriff who was ordered to sell them and apply the proceeds of sale to the satisfaction of the judgment.

Defendant, The Guardian Trust Company, refused to comply with the order. Thereupon, the judgment creditor, A. M. Graver, entered suit against defendant, the Guardian Trust Co., in the Municipal Court of Cleveland, for damages in the amount of the judgment which it sought to satisfy by said aid proceedings.

The Municipal Court found in favor of the Guardian Trust Co.

Various assignments of error are set forth, chief of which is the contention of the plaintiff that, by the aid proceedings above referred to, the claims of ownership of the third parties to the certificates, were adjudicated and that, the finding of the referee having been approved, by the Common Pleas Court, is binding upon all parties.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

LEVINE, J.

The case of American Insurance Union v. Read, 24 Oh. Ap. 150, bears upon the question, and we are of the opinion that proceedings in aid under Section 11772 GC., were not intended as a civil action but as merely supplemental to and incidental to the judgment by way of providing a summary method for the satisfaction of same.

It follows therefore that garnishees in an aid of execution are not parties to the proceedings, and are not bound by the findings of the referee. They may refuse to comply with the order issued upon the finding of the referee, and the only remedy against them for failure to comply is a civil action, in which civil action they are entitled to their day in court and may set up such matter as will constitute a defense to the action.

In our opinion, therefore, there was no error committed by the trial court in permitting the Guardian Trust Co., to interpose the defense that the certificates were not owned by the judgment debtor, for the reason that the proceedings in aid of execution which were tried before a referee and approved by the court did not amount to an adjudication of that question.

We shall now consider the only other assignment of error which, in our opinion, is material. Namely, that the court erred in failing to comply with the requirements of the Code which makes it mandatory upon the court to state in writing the conclusions of fact separately from the conclusions of law when the same is requested by either of the parties. This request was made on Sept. 2, 1927. On Oct. 15, 1927, the Municipal Court made the following entry: "Finding for the defendant, plaintiff excepts." On Oct. 17, 1927, plaintiff filed his motion for a new trial in which motion one of the grounds was as follows: "That the trial court failed to state in writing the conclusions of fact found separately from the conclusions of law as required by the counsel for plaintiff." On Oct. 15, 1927, plaintiff's motion for a new trial was overruled to which exception was duly noted. On Oct. 26, 1927, plaintiff filed his bill of exceptions, notice thereof was duly served on counsel for defendant; no objection was filed thereto. On Nov. 7, 1927, said bill of exceptions was duly transmitted to the judge of said court. On Nov. 12, 1927, the said bill of exceptions was duly signed and returned to the clerk of said court. On Nov. 23, 1927, the Municipal Court of Cleveland permitted the attorney for defendant to prepare and submit to the court, a journal entry purporting to be a compliance with the requests made by counsel for plaintiff on Sept. 2, 1927, towit, that the "Court state in writing the conclusions of fact, found separately from the conclusions of law" which request was made at the conclusion of the trial on said date.

In the case of Cleveland Produce Co. v. Dennert, 104 O. S. R. 149, this section is construed and the study of that case is helpful in the determination of the question before us. The syllabus of said case reads as follows:

"The provisions of Section 11470 GC., confer a substantial right and are mandatory and where questions of fact are tried by the court without intervention of a jury, and one of the parties, with a view of excepting to the court's decision upon questions of law involved in the trial, requests a separate written statement of the conclusions of fact, and, as an aid to the court, submits special written interrogatories for such purpose, it is the duty of the court, as a part of its judgment, to make answer to all interrogatories involving the ultimate facts of the controversy, and to all involving probative facts from which the ultimate facts can be inferred as a matter of law, and its failure to do so is reversible error."

In the case at bar, we are called upon to determine whether journal entry, permitted to be filed on Nov. 23, 1927, wherein the court stated, in writing, the conclusions of fact found separately from the conclusions of law, is a compliance with the provisions of the General Code relating to that subject.

In the opinion in Produce Co. v. Dennert, supra, on page 154, the court said:

"We are mindful that in the case of Oxford Tp. v. Columbia, 38 OS. 87, the court made the following declarations, as found in the syllabus. 'Where a party requests that the court state separately the conclusions of law and fact under the civil code, 280 (Rev. Stat. 5205) and the request is not complied with, a judgment against such party should be reversed, unless it appear from the record that he was not prejudiced by the refusal.'

"Counsel for the defendant in error stress the last few words above quoted, and insist that in the instant case plaintiff in error had not been prejudiced. It is apparent that by the use of that language the court only had in mind the language of the statute providing for new trial. (Sec. 11576, GC.), in which it is particularly stated, in the first sentence of the section, that new trials shall only be granted for 'Causes effecting materially his substantial rights.' The trial court should never grant a new trial, neither should a reviewing court ever reverse, unless there has been some deprivation of a substantial right. We are of the opinion, however, that Section 11470 GC., does confer a substantial right and that a denial of that right constitutes such error as should cause this court to reverse the judgment, unless it can be determined by this court, without weighing the evidence, that plaintiff in error has not been prejudiced. Any other view of this section would render its provisions a dead letter."

Holding as we do, the judgment of the Municipal Court will therefore be reversed, and the case remanded for further proceedings, according to law, with instructions that the trial court make its entry of judgment in compliance with the General Code, towit:

"The trial court shall state in writing the conclusions of fact found separately from the conclusions of law, as requested by counsel for plaintiff."

(Sullivan, PJ. and Vickery, J., concur.)