YETTER *v.* KLEINMAN, D. B. A. O. I. K. BUSINESS BROKERS CO.

(Decided July 18, 1929.)

Mr. *Fred Closs*, for plaintiff in error.
Mr. *S. Rotter*, for defendant in error.

CUSHING, P. J.  This cause comes into this court on error from the court of common pleas of Hamilton county, Ohio, wherein judgment was rendered in favor of the defendant in error, reversing the judgment of the municipal court of Cincinnati in favor of John H. Yetter, the plaintiff in error.

On February 2, 1928, judgment was rendered for the defendant in the municipal court, plaintiff in error in this court.  On February 3, 1928, a motion for separate findings of facts and conclusions of law was filed, and, on the same day, a motion for a new trial was filed.  On February 11th, the motion for a new trial was overruled.

On February 23d, the bill of exceptions was filed.

On March 15th, the bill of exceptions was signed by the judge of the municipal court.

On hearing in the court of common pleas one of the principal errors assigned by the plaintiff in error in that court, plaintiff in the municipal court, was that the municipal court refused or failed to make separate findings of law and fact.  The court of common pleas held that such failure constituted prejudicial error, and reversed the case, and remanded it to the municipal court for a new trial.

It is urged as an assignment of error in this court

that the decision of the court of common pleas in this matter was erroneous, for the reason that the request for the separate findings of fact and law was not made before judgment had been entered by the municipal court, but, on the contrary, was made after the judgment had been entered.

The decision of the point before us, therefore, rests solely upon the construction of Section 11470, General Code, which is as follows: ''When questions of fact are tried by the court, its finding may be general for the plaintiff or defendant, unless, with a view of excepting to the court's decision upon questions of law involved in the trial, one of the parties so requests, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.''

The exact question presented is: When must a request for separate conclusions of fact and law be made to the court, when the trial is had to the court without the intervention of a jury?

So far as we have been able to find there is no authoritative pronouncement upon this question. The section involved appears in Part 3 of the General Code, in Division III thereof, designated ''Trial,'' in Chapter 2, headed ''Conduct of the 'Trial,' '' and under the subhead ''Trial by the Court.''

Section 11471, General Code, immediately following, reads: ''So far as in their nature applicable, the provisions of this chapter respecting trials by jury, apply to trials by the court.''

It has been repeatedly held that the judgment of a court, sitting without a jury, is the equivalent of the verdict of the jury.

Section 11458, General Code, provides that the verdict of a jury must be either general or special. It certainly would not be contended that, after a general verdict, a party to the cause could ask for a special verdict, or even that the jury, after rendering a general verdict, could be required to answer special interrogatories, as provided for in Section 11463, General Code.

It has been repeatedly held that the refusal or failure of a trial court, who sits as court and jury, to comply with a request for separate conclusions of fact and law constitutes prejudicial error, which requires a reversal of the case. The only authority which could throw any doubt upon the inflexibility of this rule is the case of *Oxford Tp.* v. *Columbia,* 38 Ohio St., 87, wherein it is stated: "Where a party requests that the court state separately the conclusions of law and fact under the civil code, Section 280 (Rev. Stats., Section 5205), and the request is not complied with, a judgment against such party should be reversed, *unless it appear from the record that he was not prejudiced by the refusal."*

In *Cleveland Produce Co.* v. *Dennert,* 104 Ohio St., 149, 135 N. E., 531, 532, however, the Supreme Court commented upon the *Oxford Township case* as follows: "It is apparent that by the use of that language the court only had in mind the language of the statute providing for new trial (Section 11576, General Code), in which it is particularly stated in the first sentence of the section that new trials shall only be granted for 'causes affecting materially his substantial rights.' "

There is therefore no question that under the law today the duty to grant a motion for separate con-

clusions of law and fact is mandatory, and it is prejudicial error if the request is not granted. See *Graver* v. *Guardian Trust Co.*, 29 Ohio App., 233, 163 N. E., 502. The authorities on this point are also well collected and digested in 2 Ohio Jurisprudence, "Appeal and Error," Section 846, page 1080.

The language of Section 11470 clearly indicates that a party to a cause has an alternative option placed before him at the conclusion of the evidence, and before final submission of the cause to the court. If he does not ask for separate findings of fact and law, that is, "*unless,* with a view of excepting to the court's decision upon questions of law involved in the trial, [he] one of the parties so requests," the court's finding may be general for the plaintiff or the defendant. The analogy is evident. At the conclusion of the evidence, in a trial before a jury, there are certain well-defined options presented to the parties in the case. Failure to exercise these options forever forecloses them. The court may be requested to put his charge in writing; special instructions may be presented; a general or a special verdict may be requested; or special interrogatories may be presented to the jury. There is a time provided for all of these. The failure to exercise the privileges at the proper time is conclusive.

It may be urged that the analogy fails, in that the jury is discharged upon the rendition of its verdict. We do not think that this changes the analogy, or the application of Section 11471, General Code, in that many of the privileges and options offered parties could still be exercised before the discharge of the jury, but are unquestionably foreclosed when the case is submitted to the jury.

In the instant case, the only question we are required to decide is whether the filing of a request after judgment for separate conclusions of law and fact is made in time.

We hold that prejudicial error cannot be predicated upon the refusal or failure of the trial court to grant a request for separate conclusions of law and fact, made after the entering of a general judgment.

For these reasons the judgment of the court of common pleas is reversed, and, in view of the fact that counsel for the defendant in error insist in their brief that, when appearing in the court of common pleas, as plaintiff in error, there were other grounds of error advanced, and that the reversal of the court of common pleas was based solely upon the question hereinbefore considered, and as in our opinion the conclusion of the court of common pleas was erroneous on the question of refusing the request for separate conclusions of law and fact, the case is remanded to the court of common pleas for a further consideration of other points of error presented by the petition in error in that court, these points of error not having been presented to this court.

*Judgment reversed and cause remanded.*

Ross and HAMILTON, JJ., concur.