BISHOP et al., Appellees.

v.

DRESSER INDUSTRIES, INC. et al., Appellants.

[Cite as *Bishop v. Dresser Industries, Inc.* (1999), 134 Ohio App.3d 321.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–99–31.

Decided Oct. 21, 1999.

*Brent M. Harraman,* for appellees Otis H. Bishop, Sr., and Norma Bishop.

*Young & Alexander Co., L.P.A.,* and *Steven O. Dean,* for appellee city of Marion.

*Vorys, Sater, Seymour & Pease, Robert A. Minor* and *Randall W. Mikes,* for appellants Dresser Industries, Inc., Indresco Inc., and David H. Schaber.

WALTERS, Judge.

Appellants, Dresser Industries, Inc. ("Dresser"), Indresco, Inc., and David Schaber, appeal a judgment of the Court of Common Pleas of Marion County denying their motion for summary judgment. For the reasons expressed in the following opinion, we dismiss this appeal for lack of jurisdiction.

Appellee Otis Bishop brought this personal injury action against appellants after he was struck by an automobile owned by Dresser, and driven by Schaber. The accident occurred while Bishop was walking to work in a marked, noninter-sectional crosswalk across David Street in Marion, Ohio.

At the time of the accident, Dresser employed both Bishop and Schaber. The parties stipulated that Schaber was acting in the course and scope of his employment at the time of the accident. Notwithstanding the fact that Bishop was already receiving workers' compensation benefits due to the accident, Bishop contended that for the purposes of this litigation, he was not acting in the course and scope of his employment when he was injured.

On October 16, 1995, appellants moved for summary judgment, arguing that Bishop's relief was limited to workers' compensation because he was in the course

and scope of employment at the time of the accident. Appellants thus argued that the complying employer and fellow employee immunity statutes, R.C. 4123.74 and 4123.741, provided them immunity from any further liability to appellees.

The trial court, in a judgment entry dated April 21, 1998, overruled appellants' motion for summary judgment. The court held that although Bishop was acting in the course and scope of employment, there were issues of fact, remaining in dispute, regarding whether the dual capacity doctrine applies, which would nevertheless allow Bishop's personal injury claim. After providing the court with an additional stipulation of facts, appellants subsequently moved the trial court for reconsideration of their motion on March 1, 1999.

In a judgment entry dated April 13, 1999, the trial court denied appellants' motion for reconsideration and ruled as a matter of law that the dual capacity doctrine does apply in this case. The effect of the trial court's ruling is that appellants have been deprived of their claim of statutory immunity under R.C. 4123.74 and 4123.741. Appellants now appeal the trial court's order of April 13, 1999.

After oral argument, this court requested the parties to submit briefs on the issue of whether the trial court's order denying summary judgment was a final appealable order. The parties each responded, arguing that the trial court's order was a final order pursuant to R.C. 2505.02(B)(1) and 2505.02(B)(4).

The jurisdiction of Ohio's courts of appeals is set forth in Section 3(B)(2), Article IV of the Ohio Constitution, which provides: "Courts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals * * *."

R.C. 2505.02 sets forth the statutory requirements for a final appealable order, stating:

"An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

"(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

"* * *

"(4) An order that grants or denies a provisional remedy and to which both of the following apply:

"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

Generally, an order denying a motion for summary judgment is not a final appealable order. *State ex rel. Overmeyer v. Walinski* (1966), 8 Ohio St.2d 23, 37 O.O.2d 358, 222 N.E.2d 312. Appellants argue in their jurisdictional brief, however, that the dismissal of the summary judgment on the immunity issue is a final order pursuant to R.C. 2505.02(B)(1) because it affects a substantial right by determining the action and preventing a judgment.

When the trial court denied appellants' motion for summary judgment and ruled as a matter of law that the dual capacity doctrine applied, the case was set for trial with the outcome of the action remaining undetermined. The trial court's decision does not affect a substantial right because it does not determine the action or prevent a judgment in this matter.

Had the trial court granted appellants' motion for summary judgment, the decision would have determined the action and prevented a judgment. However, this is not the case before us. Therefore, the trial court's order is not a final order pursuant to R.C. 2505.02(B)(1).

Both parties further argue in their jurisdictional brief that the denial of summary judgment on the immunity issue is a final appealable order pursuant to R.C. 2505.02(B)(4) because it is a provisional remedy akin to those examples enumerated in R.C. 2505.02(A)(3). A provisional remedy is defined in R.C. 2505.02(A)(3) as "a proceeding *ancillary* to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of a privileged matter, or suppression of evidence." (Emphasis added.)

An ancillary proceeding is one that is attendant upon or aids another proceeding. See *Sorg v. Montgomery Ward & Co., Inc.* (Dec. 17, 1998), Erie App. No. E–98–057, unreported, 1998 WL 904945.

We determine that the consideration of a summary judgment motion is not an ancillary proceeding. Summary judgment can be fully determinative of the issues before the court, and by its very terms, the trial court can grant final judgment on any or all pending claims. Therefore, the consideration of an issue by means of a summary judgment proceeding cannot be ancillary to the action. Likewise, appellants' claim of immunity is a defense that goes to the heart of the case and, as such, it is not ancillary.

Considering the same question that we face herein, whether a motion for summary judgment is a provisional remedy, the Seventh District Court of Appeals stated that "[i]t is not provisional. It is the remedy." *Tribett v. Mestek*

(Mar. 18, 1999), Jefferson App. No. 99 JE 1, unreported, 1999 WL 159216. Therefore, since consideration of the immunity defense raised by summary judgment is not ancillary to the proceeding pursuant to R.C. 2505.02(A)(3), the summary judgment ruling is not a provisional remedy.

█ Even assuming, *arguendo*, that the denial of the immunity claim by summary judgment was a provisional remedy, R.C. 2505.02(B)(4)(b) still operates to preclude appellate review at this juncture. Appellate resolution of the immunity issue prior to trial does not serve the interest of judicial economy; it instead invites piecemeal litigation. The appellants herein are at least equally "afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims and parties in the action." Therefore, the trial court's order would not be a final appealable order because it fails to meet the requirement of R.C. 2505.02(B)(4)(b).

Accordingly, the trial court's order denying appellants' motion for summary judgment is not a final appealable order pursuant to R.C. 2505.02, and we therefore must dismiss this appeal for lack of jurisdiction.

*Appeal dismissed.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.