OPINION 
{¶ 1} Plaintiff-appellant Michael Mack ("Mack") brings this appeal from the judgment of the Court of Common Pleas of Union County granting summary judgment in favor of defendant-appellee Metropolitan Property and Casualty Co. ("Metropolitan") and defendant-appellee Tokio Marine 
Fire Insurance Company, Ltd. ("Tokio").
 {¶ 2} On February 3, 2000, defendant-appellee Kimberly Sanford ("Sanford") struck a light pole and caused it to fall into the roadway. Subsequently a vehicle driven by Charles Miller ("Miller"), a co-worker of Mack's, struck the fallen pole. Mack was a passenger in the vehicle and was injured as a result of the accident. Mack and Miller were working at the time of the accident. On December 3, 2001, Mack filed a complaint against Sanford asking for compensation for his permanent injuries, lost wages, and his pain and suffering. The complaint was amended on January 29, 2002, to include a declaratory judgment action against Metropolitan, Mack's personal insurance company, and Tokio, Mack's employer's insurance company, for underinsured motorists coverage.
 {¶ 3} On April 22, 2002, Metropolitan filed a motion for summary judgment. Mack filed his motion contra to Metropolitan's motion on May 31, 2002. On October 10, 2002, Tokio filed its motion for summary judgment which was answered on November 8, 2002. Both of these motions for summary judgment were overruled on November 25, 2002. On December 2, 2002, Metropolitan filed a motion for the trial court to reconsider its decision in overruling Metropolitan's motion for summary judgment. The trial court filed a nunc pro tunc entry on December 12, 2002, stating that Tokio's motion for summary judgment was overruled and Metropolitan's motion for summary judgment was sustained. On December 20, 2002, Mack filed this appeal.
 {¶ 4} On appeal, Mack raises the following assignments of error.
 The trial court erred by failing to follow the requirements of [Civ.R. 56].
 The trial court erred by failing to grant [Mack's] motion for summary judgment as to [Metropolitan].
 The trial court erred by failing to grant [Mack's] motion for summary judgment as to [Tokio].
 {¶ 5} When reviewing a motion for summary judgment, courts must proceed cautiously and award summary judgment only when appropriate.Franks v. The Lima News (1996), 109 Ohio App.3d 408, 672 N.E.2d 245. "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Howard v. Ferreri (1994),70 Ohio St.3d 587, 589, 639 N.E.2d 1189. However, the nonmoving party must present evidence on any issue for which it bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095. When reviewing the judgment of the trial court, an appellate court reviews the case de novo. Franks, supra.
 {¶ 6} In the third assignment of error, Mack claims that the trial court erred in denying its motion for summary judgment against Tokio. We note that the trial court also denied Tokio's motion for summary judgment against Mack. Thus, the matter between Mack and Tokio is still proceeding. Generally, a denial of a motion for summary judgment is not a final appealable order. Bishop v. Dresser Industries., Inc. (1999),134 Ohio App.3d 321, 730 N.E.2d 1079. The statutory requirements for a final appealable order are set forth in R.C. 2505.02 which states in pertinent part:
 An order is a final order that may be reviewed, affirmed, modified, or reversed with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 * * *
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 R.C. 2505.02. Here, the matter has not been finalized. Both summary judgment motions were overruled because the trial court found genuine issues of material fact. The result of this judgment is that the matter will go to trial where the jury will determine what the facts are. Mack can have a meaningful appeal following this judgment. Thus, there is no final judgment for this court to review and the third assignment of error is overruled.
 {¶ 7} In the first assignment of error, Mack claims that the trial court erred by granting Metropolitan's assignment of error without setting forth the considerations made in making the ruling and just stating the conclusion. Mack argues that this violates the local rules and that this court should remand the matter for the trial court's consideration. However, a review of a trial court's ruling on a motion for summary judgment is de novo. Although it is useful to have the trial court's reasoning in the record, it is not necessary.
 {¶ 8} In this case, Sanford's insurance coverage is $100,000 per person in the accident with maximum coverage of $300,000 per accident. Mack's personal insurance limits are identical.
 If underinsured motorist coverage is included in a policy of insurance, the underinsured motorist coverage shall provide protection for insureds thereunder for bodily injury, sickness, or disease, including death, suffered by any insured under the policy, where the limits of coverage available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the underinsured motorist coverage. Underinsured motorist coverage in this state is not and shall not be excess coverage to other applicable liability coverages, and shall only provide the insured an amount of protection not greater than that which would be available under the insured's uninsured motorist coverage if the person or persons liable to the insured were uninsured at the time of the accident. The policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability bonds and insurance policies covering persons liable to the insured.
 R.C. 3937.18(C). Here, the policy limits of Sanford and Mack are identical. Once Mack's coverage is reduced by the amounts available for coverage by Sanford's insurer, there is nothing left. Thus, Metropolitan was entitled to summary judgment and the first assignment of error is overruled.
 {¶ 9} In the second assignment of error, Mack claims that the trial court should have granted summary judgment to him. However, Mack did not present any evidence that the amounts available to him from Sanford's insurance were any less than his own underinsured motorists coverage. Mack admits that Metropolitan only has liability if Miller is found by a jury to be liable as well as Sanford. However, Miller is not a defendant in this action, so his liability will not be on trial. The only issue before a jury will be if Sanford is liable for the accident. As a result, the trial court did not err in denying summary judgment to Mack. The second assignment of error is overruled.
 {¶ 10} The judgment of the Court of Common Pleas of Union County is affirmed.
Judgment affirmed.
 WALTERS and SHAW, JJ., concur.