DECISION
{¶ 1} Sidney T. Lewis, postured as judgment debtor in the trial court and appellant in this court, appeals from an order of the Franklin County Court of Common Pleas granting a motion by judgment creditor — appellee, the Huntington National Bank, for a judgment-debtor examination.
 {¶ 2} The record reflects that this appeal was taken from proceedings in aid of execution conducted in the Franklin County Court of Common Pleas. A certificate of judgment found in the record and attested by a deputy clerk of the Supreme Court of Ohio indicates that on August 10, 2005 the Supreme Court entered judgment in favor of Huntington against appellant Sidney T. Lewis and his wife, Yvonne D. Webb-Lewis, in the amount $28,517 for reimbursement of attorney fees and costs incurred in litigation before the Supreme Court. Huntington Bank thereafter began the current proceedings in the court of common pleas in execution of that judgment.
 {¶ 3} The trial court entered an order requiring Mr. and Mrs. Lewis to appear before a magistrate on November 18, 2005 for a judgment-debtor examination. It is from that order that appellant has filed the present appeal. On January 10, 2006, this court stayed the appeal on suggestion of bankruptcy. Filings in the multiple companion appeals brought by appellant reveal that the bankruptcy matter is terminated, and we therefore lift the bankruptcy stay in this matter.
 {¶ 4} Traditionally, proceedings in aid of execution did not constitute final appealable orders in Ohio. Am. Insurance Unionv. Read (1927), 24 Ohio App. 192; Graver v. Guardian Trust Co.
(1928), 29 Ohio App. 233; J. English Co. v. Dunn (1971),31 Ohio App.2d 181. It is less clear whether the 1998 amendments to R.C. 2505.02, defining final appealable orders, have affected this long-standing rule. R.C. 2505.02 defines a final order:
(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
(3) An order that vacates or sets aside a judgment or grants a new trial;
(4) An order that grants or denies a provisional remedy and to which both of the following apply:
(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 {¶ 5} In Kemper Securities, Inc. v. Schultz (1996),111 Ohio App.3d 621, which predates the amendments to R.C. 2505.02, we discussed but did not specifically decide the question of whether an order compelling a judgment debtor to appear for examination is a final, appealable order, as the matter could be decided on other grounds. The question is therefore one of first impression before this court.
 {¶ 6} This court has held that similar proceedings in aid of execution are provisional remedies:
A provisional remedy is defined as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, or suppression of evidence." R.C. 2505.02(A)(3). An ancillary proceeding is one that aids another proceeding. Bishopv. Dresser Industries, Inc. (1999), 134 Ohio App.3d 321, 324,730 N.E.2d 1079. Appellee has already received a judgment against the Hightowers and this subpoena is an attempt to aid in the collection of that final judgment. Thus, the issuance of a subpoena is a provisional remedy.
Future Communications, Inc. v. Hightower, Franklin App. No. 01AP-1175, 2002-Ohio-2245, at ¶ 10.
 {¶ 7} In Future Communications, we held that, because the appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment, the trial court's denial of a motion to quash a subpoena served upon a third party was a final, appealable order. In the case before us, however, the order to appear for examination is directed at a party to the action, with a right to appeal "following final judgment as to all proceedings, issues, claims, and parties in the action." We therefore find Future Communications distinguishable from the present case.
 {¶ 8} Upon consideration of the competing interests of orderly and prompt proceedings in aid of execution before the trial court, balanced against the protection of the debtor's rights to a meaningful or effective remedy by appeal following the final judgment, we conclude that an order compelling a judgment debtor to appear for examination is not a final appealable order in the absence of some circumstance that would raise it to such a level, e.g., discovery of material protected by attorney-client privilege, Shaffer v. OhioHealth Corp.,
Franklin App. No. 03AP-102, 2004-Ohio-63, or an order rendered by a court lacking subject-matter jurisdiction, Hessell v. Polen
(Nov. 26, 1986), Montgomery App. No. 9920.
 {¶ 9} The present appeal is accordingly sua sponte dismissed for lack of a final appealable order. All pending motions, including various motions for sanctions filed by appellant, are accordingly denied.
Appeal dismissed.
Brown and Sadler, JJ., concur.