GEHM, APPELLEE, *v.* TIMBERLINE POST & FRAME, APPELLEE;
WESTFIELD INSURANCE COMPANY, APPELLANT.

[Cite as *Gehm v. Timberline Post & Frame,*
112 Ohio St.3d 514, 2007-Ohio-607.]

(Nos. 2005–2137 and 2005–2384—Submitted November 15, 2006—Decided February 28, 2007.)

O'CONNOR, J.

{¶ 1} In this case, we determine whether an order denying an insurance company's motion for leave to intervene is a final, appealable order pursuant to R.C. 2505.02. We hold that the denial of a motion to intervene, when the purpose for which intervention was sought may be litigated in another action, does not affect a substantial right that determines the action and prevents the judgment. As a result, the denial of the motion in this case is not a final, appealable order sufficient to establish jurisdiction for appellate review.

## I. Background

{¶ 2} In October 2004, Harry Gehm filed a complaint against Timberline Post & Frame ("Timberline"),[1] seeking damages relating to the construction of a building on Gehm's property. Appellant, Westfield Insurance Company ("Westfield"), is the commercial insurer of Timberline.

---

1. Gehm and Timberline did not participate in this appeal.

{¶ 3} Westfield had separately filed a declaratory-judgment action against Timberline concerning the parties' respective rights under the insurance policy. In December 2004, Westfield filed a motion for leave to intervene in the action between Gehm and Timberline as a new party defendant. The trial court denied Westfield's motion for leave to intervene.

{¶ 4} Westfield appealed, asserting that the denial of the motion for leave to intervene was error. The court of appeals dismissed the appeal, holding that it did not have jurisdiction, because the denial of the motion was not a final, appealable order. *Gehm v. Timberline Post & Frame*, Ninth Dist. No. 22479, 2005-Ohio-5222, 2005 WL 2401906, ¶ 3.

{¶ 5} The appellate court thereafter certified two cases as being in conflict with its decision in this case: *Lent v. Dampier* (Dec. 19, 1994), Stark App. No. 94 CA 0217, 1994 WL 728590, and *Tomcany v. Range Constr.*, Lake App. No. 2003–L–071, 2004-Ohio-5314, 2004 WL 2801671.

{¶ 6} On February 8, 2006, we determined that a conflict exists. The question certified is "Whether the denial of a motion for leave to intervene on behalf of an insurer for purposes of participating in discovery and submitting jury interrogatories is a final appealable order pursuant to R.C. 2505.02." *Gehm v. Timberline Post & Frame*, 108 Ohio St.3d 1434, 2006-Ohio-421, 842 N.E.2d 61. We also accepted jurisdiction over a discretionary appeal on the same issue. *Gehm v. Timberline Post & Frame*, 108 Ohio St.3d 1436, 2006-Ohio-421, 842 N.E.2d 62. The appeals were consolidated and have been briefed and argued.

## II. Analysis

{¶ 7} We begin by noting that this case again calls us into the morass of the final-and-appealable-order statute, R.C. 2505.02. We accepted at least six other cases in 2006 that require interpretation of the statute. *Hubbell v. Xenia*, 167 Ohio App.3d 294, 2006-Ohio-3369, 854 N.E.2d 1133, appeal accepted, 111 Ohio St.3d 1468, 2006-Ohio-5625, 855 N.E.2d 1258, and determination that a conflict exists, 111 Ohio St.3d 1467, 2006-Ohio-5625, 855 N.E.2d 1257; *Natl. City Commercial Capital Corp. v. AAAA At Your Serv., Inc.*, Butler App. No. CA2005–08–219, determination that a conflict exists, 108 Ohio St.3d 1486, 2006-Ohio-962, 843 N.E.2d 793; *Miller v. First Internatl. Fiduciary & Trust Bldg., Ltd.*, 165 Ohio App.3d 281, 2006-Ohio-187, 846 N.E.2d 87, appeal accepted, 109 Ohio St.3d 1455, 2006-Ohio-2226, 847 N.E.2d 5; *In re Adams*, Cuyahoga App. No. 87881, appeal accepted, 111 Ohio St.3d 1491, 2006-Ohio-6171, 857 N.E.2d 1229; *State v. Craig*, Cuyahoga App. No. 88313, appeal accepted, 111 Ohio St.3d 1491, 2006-Ohio-6171, 857 N.E.2d 1229; *Sinnott v. Aqua–Chem, Inc.*, Cuyahoga App. No. 88062, appeal accepted, 112 Ohio St.3d 1406, 2006-Ohio-6447, 858 N.E.2d 817.

## A. The Conflict Cases

{¶ 8} In 1994, Westfield Insurance Company filed a motion to intervene in *Lent v. Dampier*, Stark App. No. 94 CA 0217, 1994 WL 728590, as the underinsured-motorist insurance carrier of the plaintiff. Westfield sought to participate as to the determination of the nature of the damages. The motion was denied, and a default judgment was eventually entered in favor of the plaintiff. Westfield filed a motion to vacate and an answer. Before the matter was set for a hearing on damages, Westfield received a stay of the proceedings pending an appeal on the denial of its motion to intervene.

{¶ 9} The appellate court held that the denial of the motion to intervene was a final, appealable order on the authority of *Blackburn v. Hamoudi* (1986), 29 Ohio App.3d 350, 29 OBR 479, 505 N.E.2d 1010, another case involving an insurer attempting to intervene.

{¶ 10} *Blackburn* relied upon *Likover v. Cleveland* (1978), 60 Ohio App.2d 154, 155, 14 O.O.3d 125, 396 N.E.2d 491. *Likover* involved the motion to intervene of two lienholders. The court noted in *Likover* that the denial of the motion to intervene affected a substantial right, as it prevented a judgment for the intervenors on a claim for wrongful destruction of property. Id.

{¶ 11} Similarly, the insurer in *Blackburn* was seeking subrogation for funds that the Blackburns might receive from a second tortfeasor. The court in *Blackburn*, reversing the denial of the motion to intervene, noted that the insurer would have been unable to recover its funds in a declaratory-judgment action.

{¶ 12} The other conflict case, *Tomcany v. Range Constr.*, 2004-Ohio-5314, 2004 WL 2801671, involved a factual circumstance almost identical to the one in this case. The insurer, Westfield again, in a complex multiparty litigation involving home construction, sought leave to intervene to submit jury interrogatories that would help determine the extent of the insurer's coverage obligation. The appellate court reversed the trial court's denial of the motion to intervene, but failed to address the issue of whether the denial was a final, appealable order.

## B. Final Orders

{¶ 13} Under Section 3(B)(2), Article IV, Ohio Constitution, courts of appeals have jurisdiction only to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."

{¶ 14} As a result, "[i]t is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.* (1989), 44 Ohio St.3d 17, 20, 540 N.E.2d 266.

{¶ 15} "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel.*

*Scruggs v. Sadler,* 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5; see, also, *Chef Italiano Corp. v. Kent State Univ.* (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. The threshold requirement, therefore, is that the order satisfies the criteria of R.C. 2505.02.

{¶ 16} Westfield first argues that the motion to intervene constitutes a provisional remedy under R.C. 2505.02(A)(3) and 2505.02(B)(4). R.C. 2505.02 provides:

{¶ 17} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 18} " * * *

{¶ 19} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 20} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 21} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

{¶ 22} Westfield claims that its intervention was "for the ancillary purpose of creating the necessary record to evaluate any indemnification obligation pursuant to a later declaration of coverage by another court."

{¶ 23} "[F]or an order to qualify as a final appealable order, the following conditions must be met: (a) the order must grant or deny a provisional remedy, as defined in R.C. 2505.02(A)(3), (b) the order must determine the action with respect to the provisional remedy so as to prevent judgment in favor of the party prosecuting the appeal, and (c) a delay in review of the order until after final judgment would deprive the appellant of any meaningful or effective relief." *State v. Upshaw,* 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711, ¶ 15.

{¶ 24} The first requirement, therefore, is that the order denying the motion to intervene be a "provisional remedy." R.C. 2505.02(A)(3) defines "provisional remedy" as "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, [or] suppression of evidence."

{¶ 25} We have consistently held that "[a] proceeding 'ancillary' to an action is ' "one that is attendant upon or aids another proceeding." ' " *Upshaw,* 110 Ohio St.3d 189, 2006-Ohio-4253, 852 N.E.2d 711, ¶ 16, quoting *State v. Muncie* (2001), 91 Ohio St.3d 440, 449, 746 N.E.2d 1092, quoting *Bishop v. Dresser Industries, Inc.* (1999), 134 Ohio App.3d 321, 324, 730 N.E.2d 1079.

{¶ 26} Westfield cites no authority for the assertion that an ancillary proceeding for the purposes of a provisional remedy may be used to aid a case other than the attendant, underlying action. Indeed, the law is the opposite.

{¶ 27} The examples of an ancillary proceeding listed in R.C. 2505.02(A)(3) include "preliminary injunction, attachment, discovery of privileged matter, suppression of evidence." All these examples pertain only to the underlying action. We therefore hold that a motion to intervene for the purpose of establishing a record in a separate action is not an ancillary proceeding to an action and does not qualify as a provisional remedy for the purposes of R.C. 2505.02.

{¶ 28} The only other possible basis for the denial of the motion to intervene to qualify as a final, appealable order under R.C. 2505.02 is that it affects a "substantial right" as defined by R.C. 2505.02(A)(1) and that it "in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1).

{¶ 29} R.C. 2505.02(A)(1) defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." As a motion to intervene is a right recognized by Civ.R. 24, intervention constitutes a substantial right under R.C. 2505.02(A)(1).

{¶ 30} The next question is whether the denial of the motion to intervene is a final, appealable order because it "in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). Westfield argues that this court's decision in *Howell v. Richardson* (1989), 45 Ohio St.3d 365, 544 N.E.2d 878, would collaterally estop any future litigation in Westfield's declaratory-judgment action.

{¶ 31} Westfield misconstrues *Howell,* which imposed collateral estoppel against an insurer when it "could have intervened in the prior proceeding." Id. at 367, 544 N.E.2d 878. When a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues. As Westfield has sought and been denied intervention here, it will not be estopped from litigating its claims in another case.

{¶ 32} Therefore, there is no order that has determined an action with respect to Westfield, and the denial of the motion to intervene prevented no judgment. The denial of the motion to intervene for the sole purpose of submitting interrogatories does not affect a substantial right, as defined in R.C. 2505.02, sufficiently to create a final, appealable order.

{¶ 33} Westfield argues that the general rule is that the denial of a motion to intervene constitutes a final, appealable order. None of the cases cited, including the conflict case *Lent v. Dampier,* Stark App. No. 94 CA 0217, 1994 WL 728590, conducted the required statutory analysis. *Sadler,* 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5.

{¶ 34} Those cases generally cite *Blackburn v. Hamoudi,* 29 Ohio App.3d 350, 29 OBR 479, 505 N.E.2d 1010, which, as described above, involved an uninsured-motorist-coverage provider attempting to preserve its subrogation claim for payments it had already made. As noted by the court in *Blackburn,* the insurer, in its suit for a declaratory judgment, could not recover the spent funds. Id. at 353, 29 OBR 479, 505 N.E.2d 1010.

{¶ 35} As for *Tomcany v. Range Constr.,* 2004-Ohio-5314, 2004 WL 2801671, the appellate court in that case did not discuss whether the order was final and appealable. Under today's holding, the appellate court would have lacked jurisdiction to reverse the trial court's denial of a motion to intervene.

{¶ 36} A review of the cases cited by Westfield in support of its contention that a motion to intervene is a final, appealable order does not reveal the fact-dependent statutory analysis required by R.C. 2505.02. There is no authority to support the general proposition that a motion to intervene always constitutes a final, appealable order.

{¶ 37} In the instant case, the denial of the motion to intervene is not a final, appealable order, because it does not affect a provisional remedy. We hold that it is also not a final, appealable order because the denial of a motion to intervene, when the purpose for which intervention was sought may be litigated in another action, does not affect a substantial right under R.C. 2505.02(B)(1) that determines the action and prevents the judgment.

Judgment affirmed.

MOYER, C.J., HARSHA, PFEIFER, LUNDBERG STRATTON and LANZINGER, JJ., concur.

O'DONNELL, J., dissents.

WILLIAM H. HARSHA, J., of the Fourth Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

---

Fischer, Evans & Robbins, Ltd., Mark. F. Fischer, and Cari Fusco Evans, for appellant.

Paul W. Flowers, Co., L.P.A., and Paul W. Flowers, urging affirmance for amicus curiae, Ohio Academy of Trial Lawyers.