[Cite as *PNC Bank, Natl. Assn. v. On the Greens Property Co.*, 2014-Ohio-3446.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| NOVA LAND COMPANY, LLC, | : | **CASE NO. 2014-L-007** |
| Intervening Plaintiff-Appellant | : | |
| - vs - | : | |
| ON THE GREENS PROPERTY COMPANY, et al., | : | |
| Defendants, | : | |
| (JACK CORNACHIO, RECEIVER, | : | |
| Appellee.) | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 10 CF 002628.

Judgment: Appeal dismissed.

*David R. Mayo* and *Ronald L. House, Jr.*, Benesch, Friedlander, Coplan & Aronoff, L.L.P., 41 South High Street, Suite 2600, Columbus, OH 43215 (For Plaintiff-Appellee).

*David J. Gornik*, 7103 Brightwood Drive, Concord, OH 44077 (For Intervening Plaintiff-Appellant).

*Marisa L. Cornachio*, Cornachio Law, LLC, 38046 2nd Street, Willoughby, OH 44094 (For Appellee).

TIMOTHY P. CANNON, P.J.

{¶1} Appellee, PNC Bank, National Association ("PNC"), filed a "motion to dismiss appeal for lack of jurisdiction and request for recovery of fees under App.R. 23,"

on June 3, 2014.  Appellant, Nova Land Company, LLC ("Nova"), filed a response on July 7, 2014.  PNC then filed a reply to Nova's response on July 11, 2014.

{¶2}  This case emanates from a complaint for foreclosure and other relief filed by PNC against defendant, On the Greens Property Company ("OTG").  The property at issue consists of approximately 31 acres of vacant real property located in Willoughby, Ohio.  OTG conceded default, and pursuant to the terms of the mortgage, a receiver was appointed.  The trial court issued a judgment entry decree in foreclosure and ordered the property be sold at a sheriff's sale.

{¶3}  PNC did not immediately seek to have the property sold at a sheriff's sale, but instead marketed the property through the receiver.  The receiver entered into a purchase agreement with Nova for $1,500,000.  The purchase agreement was conditioned on approval from both the court and PNC.

{¶4}  PNC moved for a court order approving the sale by the receiver of the property to Nova for $1,500,000 on August 29, 2011.  OTG filed its objection to the approval on September 7, 2011.

{¶5}  On September 22, 2011, while awaiting the court's approval of the sale, PNC filed a praecipe for order of sale requesting the court to order sale of the property as permitted in the foreclosure decree.  The trial court entered its order of sale.  The property was appraised and advertised for sale.  The appraised price was $960,000.

{¶6}  While the magistrate's decision was still pending on the motion to approve the sale to Nova, PNC filed its motion to withdraw and cancel the sheriff's sale.  The sheriff's sale was canceled.  The motion was approved, and the receiver was given permission to sell the property pursuant to the purchase agreement with Nova.  At that time, Nova refused to go forward with the sale.  Nova demanded a renegotiation of the

purchase price. Nova's investors were apparently concerned about the original $1,500,000 purchase price, as a result of the $960,000 appraisal for purposes of the sheriff's sale.

{¶7} In the meantime, apparently because Nova refused to go forward with the sale, the receiver entered into negotiations with another buyer, OTG Acquisition, to purchase the property for $1,200,000. This sale, as between OTG Acquisition and PNC, was approved by the trial court. Nova then filed a motion to intervene as of right, under Civ.R. 24(A), alleging the following: breach of contract against the receiver; tortious interference with contract against PNC; breach of contract implied-in-fact against PNC; misrepresentation and fraudulent inducement; breach of the covenant of good faith and fair dealing; unfair and deceptive trade practices and injunction to restrain sale of mortgaged premises against the receiver and PNC; and promissory estoppel against the receiver and PNC.

{¶8} In a judgment dated December 11, 2013, the trial court denied Nova's motion to intervene as of right. The trial court stated, "everything Nova legitimately seeks in its proposed intervening complaint can be asserted in a separate lawsuit unencumbered by the conclusion of this case." Nova filed a timely appeal.

{¶9} Under Article IV, Section 3(B)(2), of the Ohio Constitution, courts of appeal have jurisdiction only to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989).

3

{¶10} "An order of a court is a final appealable order only if the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State ex rel. Scruggs v. Sadler,* 97 Ohio St.3d 78 (2002), ¶5, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86 (1989), syllabus.

{¶11} "There is no authority to support the general proposition that [the denial of] a motion to intervene always constitutes a final, appealable order." *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607, ¶36. "While intervention may constitute a substantial right, the denial of a motion to intervene does not affect a substantial right when the purpose behind the motion may be litigated in another action." *In re C.J. & M.B.*, 8th Dist. Cuyahoga Nos. 94210 & 94233, 2010-Ohio-3202, ¶6.

{¶12} In PNC's "motion to dismiss appeal for lack of jurisdiction and request for recovery of attorney fees under App.R. 23," it maintains that because Nova can litigate its claims by way of separate action, the December 11, 2013 judgment is not a final, appealable order. PNC argues that Nova merely has a damages claim that can be litigated in a separate action, as Nova refuses to perform or seek enforcement of the previously entered purchase agreement.

{¶13} Conversely, Nova argues the trial court's denial of its motion to intervene is a final, appealable order under R.C. 2505.02(A) and (B)(1), (2), and (4). Nova presents the following five reasons as to why its claims cannot be litigated in a separate action: (1) termination of receivership will forfeit Nova's $25,000 earnest money deposit; (2) res judicata precludes future litigation of Nova's claims against PNC and the receiver; (3) the trial court vacated its order approving Nova's purchase agreement, sua sponte, in violation of applicable law; (4) Nova will be deprived of an effective remedy

4

because the passage of time would render moot its loss of business and repair of business relationships with third parties; and (5) PNC and Debtor negotiated a deed-in-lieu of foreclosure and issued a quit claim deed to a third party.

{¶14} In its reply, PNC addresses all of Nova's five aforementioned arguments, reiterating that Nova has not sought leave of the trial court to bring a separate action against the receiver to assert its proposed claims. Again, PNC notes that because Nova is able to bring its claims in a separate lawsuit, the trial court's entry denying its motion to intervene does not constitute a final, appealable order.

{¶15} Here, Nova has failed to demonstrate that it is unable to file its proposed claims in a separate action. Furthermore, Nova has not sought leave to file its claims against the receiver; Nova is able to assert its claims by filing a separate action. When the purpose for which intervention was sought may be litigated in another action, the denial of Nova's motion to intervene does not affect a substantial right under R.C. 2505.02(B)(1) that determines the action and prevents a judgment.

{¶16} We find this court does not have jurisdiction to entertain this appeal because the denial of the motion to intervene in this instance is not a final, appealable order. Additionally, PNC's request for reasonable fees and expenses under App.R. 23 is hereby denied.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.