SCHAFER, Judge.
*1181 {¶ 1} Defendant-Appellant, Gary Cole, attempts to appeal the judgment of the Medina County Court of Common Pleas denying his motion to dismiss. For the following reasons, this Court dismisses the appeal.
I.
{¶ 2} Plaintiffs-Appellees, Donald and Debra Yeaples, filed their initial complaint against Defendants Precision Directional Boring, LLC (Precision), Cole, and various John Does in the Cuyahoga County Court of Common Pleas. Precision moved to dismiss the complaint or to transfer for improper venue. The Cuyahoga County Court of Common Pleas granted the motion and transferred the case to the Medina County Court of Common Pleas. Upon the case being transferred to Medina County, the Yeapleses moved the court to refuse the transfer of venue. After a hearing, the Medina County Court of Common Pleas ordered the case transferred back to the Cuyahoga County Court of Common Pleas, concluding that venue was proper in Cuyahoga County. Subsequently, Cole and Precision moved the Cuyahoga County Court of Common Pleas to refuse venue and reaffirm its prior order transferring the action to Medina. The Cuyahoga County Court of Common Pleas granted the motion and ordered the matter transferred back to Medina County.
{¶ 3} While the case remained pending in Medina County, the Yeapleses filed a complaint in the Ohio Eighth District Court of Appeals seeking a writ of mandamus and a writ of procedendo to compel the Cuyahoga County Court of Common Pleas to vacate that court's orders and adjudicate the underlying action on the merits. The Eighth District concluded that venue was proper in Cuyahoga County. State ex rel. Yeaples v. Gall , 8th Dist. Cuyahoga No. 99454, 2013-Ohio-2207, 2013 WL 2382824 ¶ 19. Precision and Cole subsequently appealed to the Ohio Supreme Court. See State ex rel. Yeaples v. Gall , 141 Ohio St.3d 234, 2014-Ohio-4724, 23 N.E.3d 1077. The Supreme Court ultimately concluded that venue was proper in Medina County and that the Yeapleses were not entitled to the extraordinary relief provided through the writs of mandamus and procedendo. Id. at ¶ 40.
{¶ 4} Accordingly, the Medina County Court of Common Pleas accepted the transfer of venue. Upon leave of court, the Yeapleses filed an amended complaint asserting claims for "workplace intentional tort," negligence, violation of Ohio's frequenter statute, and loss of consortium. Cole filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. The trial court subsequently denied Cole's motion.
{¶ 5} Cole filed this timely appeal raising two assignments of error for our review. The Yeapleses subsequently filed a motion to dismiss the appeal for lack of a final appealable order. For the ease of analysis, we elect to consider the assignments of error together.
II.
Assignment of Error I
The trial court erred in denying Gary Cole's Civ.R. 12(B)(6) motion to dis *1182 miss because Gary Cole is immune from suit pursuant to [ R.C. 4123.741 ] as a matter of law based on the facts Yeaples sets forth in his second amended complaint.
Assignment of Error II
The trial court erred in failing to determine that Ohio law does not recognize a deliberate indifference/substantial certainty tort by one employee against a co-employee.
{¶ 6} In his first assignment of error, Cole asserts that based upon the facts set forth in the Yeapleses' second amended complaint, he is immune from suit pursuant to R.C. 4123.741 and that the trial court erred when it denied his motion to dismiss on that basis. In his second assignment of error, Cole asserts that the trial court erred by failing to conclude that Ohio law does not recognize a common law deliberate indifference or substantial certainty intentional tort committed by one employee against another.
{¶ 7} As a threshold matter, we must determine if the trial court's orders are properly before this Court as we only have jurisdiction to hear an appeal from a final judgment. Ohio Constitution, Article IV, Section 3 (B)(2); R.C. 2501.02. "In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." In re Estate of Thomas , 9th Dist. Summit No.27177, 2014-Ohio-3481, 2014 WL 3938657, ¶ 4. "This rule of finality prevents piecemeal litigation, avoids delay, and thereby promotes judicial economy." State v. Torco Termite Pest Control , 27 Ohio App.3d 233, 234, 500 N.E.2d 401 (10th Dist. 1985).
{¶ 8} Cole contends in his brief in opposition to the Yeapleses' motion to dismiss that the trial court's denial of his motion to dismiss is a final appealable order because he is immune from suit pursuant to R.C. 4123.741. That statute states:
No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code.
(Emphasis added.) Id . "Generally, an order denying a motion to dismiss is not a final order." Polikoff v. Adam , 67 Ohio St.3d 100, 103, 616 N.E.2d 213 (1993). Nonetheless, the General Assembly has set forth what orders are final and appealable in R.C. 2505.02(B). That statute states, in relevant part:
An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
R.C. 2505.02(B)(1). A "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).
{¶ 9} To be final pursuant to R.C. 2505.02(B)(1), the trial court's order must determine the action and prevent a judgment in the matter in Cole's favor. Thus, even if we were to presume that the trial court's denial of Cole's motion to dismiss affects a substantial right, such a conclusion would not be determinative in this matter. In this case, the trial court's judgment *1183 entry does not prevent a judgment in favor of Cole. Therefore, we conclude that the trial court's order is not a final order pursuant to R.C. 2505.02(B)(1). See Bishop v. Dresser Industries, Inc. , 134 Ohio App.3d 321, 324, 730 N.E.2d 1079 (3d Dist. 1999) (concluding that a trial court's denial of a motion for summary judgment based on an alleged co-employee immunity pursuant to R.C. 4123.741 did not prevent judgment in favor of the defendant and was, therefore, not a final order); Shane v. Tracy , 8th Dist. Cuyahoga No. 77025, 2000 WL 1222016, *4 (Aug. 24, 2000) ("Ordinarily, after a motion to dismiss is overruled, the case will proceed to trial and in the event of a judgment adverse to the moving party, the trial court's action overruling the motion may become one of the assignments of error on appeal.")
{¶ 10} Cole further argues that he is prejudiced by the trial court's determination because the "time, energy, and the attendant economic consequences which result from litigation are not de minimis." However, "[a]s a general rule, 'contentions that appeal from any subsequent adverse final judgment would be inadequate due to time and expense are without merit.' " Sinnott v. Aqua-Chem, Inc. , 116 Ohio St.3d 158, 2007-Ohio-5584, 876 N.E.2d 1217, ¶ 25. Although the General Assembly has distinguished some circumstances where the incurrence of unnecessary trial expenses is an injury that cannot be remedied by an appeal from a final judgment, Cole's alleged co-employee immunity is no such circumstance. See Sinnott at ¶ 26 (concluding that in the limited context of asbestos litigation that the incurrence of unnecessary trial expenses is an injury that cannot be remedied by an appeal after final judgment). Moreover, unlike an order denying a political subdivision or an employee of a political subdivision the benefit of an alleged immunity, the General Assembly has declined to define orders that deny an employee of any employer as defined in R.C. 4123.01(B) the benefit of an alleged immunity as "final orders." See R.C. 2744.02 ; see also R.C. 4123.741
{¶ 11} Although Cole does not argue that the denial of his motion to dismiss is final and appealable pursuant to R.C. 2505.02(B)(4), "this Court is obligated to raise sua sponte questions related to our jurisdiction." Lexington Ins. Co. v. DunnWell, LLC , 2016-Ohio-5311, 69 N.E.3d 1066, ¶ 6, citing Whitaker-Merrell Co. v. Geupel Const. Co., Inc. , 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972). Nonetheless, we also determine that the trial court's order is not a final appealable order pursuant to R.C. 2505.02(B)(4). That statute states,
(4) An order that grants or denies a provisional remedy and to which both of the following apply:
(a) The order in effect determines the action with respect to the provisional remedy and prevents judgment in the action in favor of the appealing party with respect to the provisional remedy.
(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
(Emphasis added.) Id . A "provisional remedy" is "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence." An ancillary proceeding is "one that is attendant upon or aids another proceeding." (Internal quotations and citations omitted.) Community First Bank & Trust v. Dafoe , 108 Ohio St.3d 472, 2006-Ohio-1503, 844 N.E.2d 825, ¶ 24.
{¶ 12} In this case, we determine that the denial of Cole's motion to dismiss based on an alleged co-employee immunity pursuant to R.C. 4123.741 does not prevent *1184 a meaningful or effective remedy from an appeal following the conclusion of the underlying action because the right to be free from liability "is eminently reviewable on appeal from final judgment." Celebrezze v. Netzley, 51 Ohio St.3d 89, 92, 554 N.E.2d 1292 (1990). The plain language of R.C. 4123.741 states that no co-employee shall be "liable to respond in damages" for any injury received by another employee and arising out of the injured employee's employment that is found to be compensable under the Workers' Compensation statute. R.C. 4123.741 creates an immunity from liability and not an immunity from suit. Accordingly, "[e]ven assuming, arguendo , that the denial of the immunity claim * * * was a provisional remedy, R.C. 2505.02(B)(4)(b) still operates to preclude appellate review at this juncture." Bishop , 134 Ohio App.3d at 325, 730 N.E.2d 1079. "Appellate resolution of the immunity issue [in R.C. 4123.741 ] prior to trial does not serve the interest of judicial economy; it instead invites piecemeal litigation." Id .
{¶ 13} Therefore, we conclude that the trial court's order denying Cole's motion to dismiss is not a final appealable order. See Id. (concluding that a trial court's order denying a motion for summary judgment was not a final appealable order pursuant to R.C. 2505.02 and dismissing the appeal for lack of jurisdiction). Consequently, this Court dismisses the attempted appeal.
III.
{¶ 14} For the above reasons, we conclude that the trial court's order is not final and appealable. Accordingly, we dismiss the appeal as we are without jurisdiction to consider it.
Appeal dismissed.
HENSAL, P.J.
CARR, J.
CONCUR.