[Cite as *In re R.R.*, 2017-Ohio-8928.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

| | | |
|---|---|---|
| In the Matter of: | : | Case No. 17CA21 |
| R.R. | : | |
| Adjudicated dependent child | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| | : | |
| | | **RELEASED: 12/04/2017** |

Hoover, J.

{¶1}     Appellant Amber Welsh appeals an order denying her motion to intervene in an action brought by the Athens County Children Services agency to determine whether R.B. is abused, neglected, or dependent and for an award of temporary custody.  As it appeared we may not have jurisdiction to consider this matter because the order from which she is appealing may not be a final appealable order, we ordered Welsh to file a memorandum addressing this jurisdictional issue. *See* Magistrate's Order, July 31, 2017. In response, Welsh filed a memorandum in support of jurisdiction which contends that the order affected "a substantial right" to intervene in the proceeding and without an appeal, she "would have no rights to address the court and explain her request for legal care."

{¶2}     We find that the trial court's order did not meet the requirements of R.C. 2505.02; it was not final and appealable. A foster parent or kinship provider has no "substantial right" to intervene in juvenile custody proceedings. Therefore the order is not a final, appealable order under R.C. 2505.02(B)(2). The order does not grant or deny a provisional remedy under R.C. 2505.02(B)(4) because Welsh's motion to intervene was not for any ancillary purpose. Instead, it was filed so that she could

directly participate as a party in the underlying custody proceedings. We lack jurisdiction to address the merits and dismiss the appeal.

## I. PROCEDURAL HISTORY

{¶3}   In September 2016, the agency filed a complaint in the Court of Common Pleas of Athens County, Juvenile Division, concerning R.B.[1] alleging abuse, neglect and dependency and seeking temporary custody, as well as emergency immediate custody. The agency alleged that R.B. was a newborn who tested positive for various drugs, including cocaine and opiates.

{¶4}   The juvenile court granted the agency immediate emergency custody and the child was placed in foster care. At the dependency hearing, the parents agreed to a dependency finding based on substance abuse issues. The juvenile court found the child to be dependent on this ground, dismissed the abuse and neglect allegations, and granted temporary custody to the agency. The agency's case plan stated that the child's permanency goal was reunification with the parents. The child remained in foster care until December 2016, when the agency placed R.B. in a kinship placement with Welsh, his maternal aunt. The agency continued to have temporary custody and the case plan permanency goal continued to be reunification with the parents.

{¶5}   In March 2017 the agency filed a proposed amended case plan based on the mother's progress to allow off ground visitation with R.B. twice weekly. A week after the agency filed the amended case plan, Welsh filed:  (1) a motion to intervene pursuant to Juv.R. 2(Y) and Civ.R. 24(B); (2) an affidavit in support of her motion to intervene; (3) a motion to modify the current custody order to award her permanent legal custody of

---

[1] After the agency filed its complaint identifying the child as R.R., the child's initials were corrected to reflect the child's actual legal name, R.B. The case caption continues to refer to "R.R."

R.B.; and (4) objections to the agency's amended case plan. The agency opposed the motion to intervene on the ground that Welsh, as a kinship provider, had no standing to be a party or to file objections to the agency's case plan. The agency contended that it was not in R.B.'s best interest to allow Welsh to intervene because the mother is making progress toward reunification, is engaged in substance abuse treatment, has clean drug screens, and is attending visits with the child on a regular basis.

{¶6} The juvenile court set a hearing on Welsh's motion to intervene and her objection to the amended case plan to coincide with a previously scheduled review hearing on April 24, 2017. Before the hearing, Welsh served broad discovery requests on all parties and served three subpoenas, one commanding a non-party witness to attend the hearing to testify and two commanding R.B.'s mother's employers each to produce a certified copy of the mother's "entire employment file." (Emphasis sic).

{¶7} At the hearing the agency provided information concerning the parents' progress: the mother completed all drug screens, her last five screens had all tested negative, she attended visitations consistently and her interaction with R.B. during visitations was very good. The agency believed it would be appropriate to progress to "off ground" visitations. Mother's counsel informed the court that mother was making excellent progress but that mother does not have a positive relationship with the kinship placement, Welsh. As for Welsh's plan objections, the mother's counsel argued that Welsh had no standing to object to moving visitation off grounds and no standing to issue subpoenas.[2]

---

[2] Welsh's counsel was ill and did not attend the hearing.

{¶8}    The trial court orally ruled against Welsh's motion to intervene on the ground that it was not the court's practice to make kinship providers or foster parents parties to a dependency/custody proceeding. However, the court stated that it will exercise discretion to make a person a party when the agency has moved for such a joinder. The trial court also stated that if a kinship or foster care provider has information that a move to off ground visitation would be ill advised, they should share that information with the agency "to evaluate as professionals" rather than "to take another seat in the courtroom." (Tr. 6-7)

{¶9}    Following the hearing, the trial court issued a journal entry that continued temporary custody with the agency with reunification with parents as the permanency plan, and approved the move to off grounds visitation recommended by the agency. However the entry did not include the trial court's oral ruling denying Welsh's motion to intervene. (Journal Entry, May 19, 2017) The court issued a subsequent judgment entry denying Welsh's motion to intervene:

> Recently, Amber Welch [sic], through private counsel, has filed various papers with this Court in this action. For purpose of clarification, the Court reiterates its previous ruling denying Ms. Welsh party status in this case. Therefore, her filings are deemed improper and are not under consideration by the court.  (Judgment Entry, June 27, 2017, OR #71)

{¶10}  Welsh appealed this entry.

## II. LAW AND ANALYSIS

### A.  Jurisdiction

{¶11}  Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505 .02. If an order is not final and appealable, an appellate court has no jurisdiction to review the

matter and it must be dismissed. "An order of a court is a final appealable order only if

the requirements of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." *State*

*ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002–Ohio–5315, 776 N.E.2d 101; see

also, *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus

(1989). The threshold requirement, therefore, is that the order satisfies the criteria of

R.C. 2505.02. *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, 2007-Ohio-607,

861 N.E.2d 519, ¶ 15.

{¶12}   For purposes of this appeal, the relevant portions of R.C. 2505.02 define

a final appealable order as follows:

> (B) An order is a final order that may be reviewed, affirmed, modified, or
> reversed, with or without retrial, when it is one of the following:
> *   *   *
> (2) An order that affects a substantial right in an action made in a special
> proceeding or upon a summary application in an action after judgment;
> *   *   *
> (4) An order that grants or denies a provisional remedy and to which both of the
> following apply:
> (a) The order in effect determines the action with respect to the provisional
> remedy and prevents a judgment in the action in favor of the appealing party with
> respect to the provisional remedy.
> (b) The appealing party would not be afforded a meaningful or effective remedy
> by an appeal following final judgment as to all proceedings, issues, claims, and
> parties in the action.

1.  Analysis under R.C. 2505.02(B)(2):  An Order That
Affects a Substantial Right Made in a Special Proceeding

{¶13}   A judgment entry qualifies as a final, appealable order under R.C. 2505.02

if it "affects" a "substantial right" as defined by R.C. 2505.02(A)(1) and was "made in a

special proceeding or upon a summary application in an action after judgment" as set

forth in R.C. 2505.02(B)(2). "Actions in juvenile court that are brought pursuant to

statute to temporarily or permanently terminate parental rights are special proceedings,

as such actions were not known at common law." *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, ¶ 43.

{¶14}   Although a juvenile custody hearing is a special proceeding, a juvenile court order must also affect a "substantial right" to be a final, appealable order under R.C. 2505.02(B)(2). R.C. 2505.02(A)(1) defines "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." "A substantial right is a legal right enforced and protected by law." *In re C.B.*, 129 Ohio St.3d 231, 2011-Ohio-2899, 951 N.E.2d 398, ¶ 13. If an order does not affect a substantial right, it is not a final appealable order under R.C. 2505.02(B)(1) or (2).

{¶15}   Welsh contends that the trial court should allow her to intervene as a party under Civ.R. 24(B) because she is the kinship provider and because she seeks to modify the court's order granting temporary custody to the agency.  As for her motion to modify the existing temporary custody order, R.C. 2151.415(F) governs modifications and provides "The court, on its own motion or the motion of the agency or person with legal custody of the child, the child's guardian ad litem, or any other party to the action, may conduct a hearing with notice to all parties to determine whether any order issued pursuant to this section should be modified or terminated or whether any other dispositional order set forth in divisions (A)(1) to (5) of this section should be issued." Thus, Welsh as kinship provider has no right to bring a motion to modify the temporary custody order.[3]

_____

[3] Welsh could have filed a motion requesting legal custody of R.B. prior to the dispositional hearing that awarded the agency temporary custody. *See* R.C. 2151.353(A)(3). This provision does not require that she be made a party as a prerequisite. *See Richardson v. Richardson,* 4th Dist. Scioto No. 09CA3293, 2009-Ohio-6492, ¶ 8 (finding that a similar provision in R.C. 3109.051(B) does not require a person to

{¶16} We find that Welsh had no "substantial right" to intervene as a kinship provider. Foster parents and kinship providers have no constitutional, statutory or common law right to intervene as a party in juvenile custody proceedings. *In re Hunt*, 4th Dist. Lawrence No. 1762,1985 WL 17459 (Nov. 26, 1985) ("foster parents have no enforceable right to custody under Ohio law, and the legislature has not chosen to provide for their participation in the adjudication of the rights of the child and his or her natural parents"); *In re B.L.*, 8th Dist. Cuyahoga No. 96652, 2011-Ohio-4830 (foster parents have no standing to intervene in juvenile custody proceedings); *In re Thompson,* 10th Dist. Franklin Nos. 94APF08-1144, 94APF08-1145, 1995 WL 238583, *4 (Apr. 18, 1995) ("Ohio courts have held that foster parents have no cognizable liberty or property interests in a child's custody such as warrants intervening in permanent custody proceedings."); *In re Palmer*, 5th Dist. Stark No. CA-6026, 1983 WL 6408, *1-2 ("The Ohio Legislature, charged with our tripartite system of government with the responsibility of writing laws, has elected not to extend the right of foster parents to intervene as parties in juvenile court proceedings, including issues involving permanent custody or termination of the rights of natural parents. Further, the courts of Ohio have extended no such rights to foster parents.").

{¶17} In her motion before the trial court, Welsh argued that she has a right to intervene as a kinship provider because she "has acted *in loco parentis* for R.B. during the four (4) of the six (6) months since his birth." However, Welsh has not acted in loco

---

intervene as a party to file a motion for companionship and visitation in a divorce action and holding that a court's entry denying intervention by grandparents is not a final, appealable order because it does not affect a substantial right under R.C. 2505.02(B)).

parentis in her capacity as a kinship provider. Foster parents and kinship providers care

for the child through an agreement with the agency, not as in loco parentis:

> The Ohio Supreme Court explained the term "in loco parentis" as meaning
> "charged, factitiously, with a parent's rights, duties, and responsibilities."
> *State v. Noggle*, 67 Ohio St.3d 31, 33, 1993–Ohio–189, 615 N.E.2d 1040
> citing Black's Law Dictionary (6 Ed.1990) 787. A person in loco parentis
> has assumed the same duties as a guardian or custodian, *only not
> through a legal proceeding. Id.* (Emphasis added.)

*In re T.H.*, 5th Dist. Muskingum No. CT2016-0008, 2016-Ohio-7310, ¶ 30 (analyzing a

foster parents' claim that they could intervene because they acted in loco parentis);

*Renfro v. Cuyahoga Cty. Dept. of Human Serv.*, 884 F.2d 943, 944 (6th Cir. 1989) ("The

nature of the foster care relationship is distinctly different from that of the natural family;

namely it is a temporary arrangement created by state and contractual agreements.").

We find no legal support for her claim that a kinship provider acts in loco parentis and

has a right to intervene on this ground. See *In re D.D.O.,* 11th Dist. Lake No. 2011-L-

054, 2011-Ohio-6209, ¶ 38 (rejecting as "disingenuous" a grandmother's argument that

*In re Schmidt*, 25 Ohio St.3d 331, 496 N.E.2d 952 (1986) gives a person who stands in

loco parentis to a child the right to intervene in a custody proceeding, "To suggest that

this was the court's holding misleads the reader and fails to properly articulate the true

holding of the S*chmidt* court. This court has recognized that *Schmidt* in fact, stands for

the proposition that 'in general, grandparents have no constitutionally protected right or

legal interest to custody or visitation of their grandchildren.' ").

{¶18}  Because foster parents and kinship providers have no constitutional,

statutory or common law right to intervene in juvenile custody proceedings, the only

other remaining possible source conferring a "substantial right" is in "a rule of

procedure." R.C. 2505.02(A)(1). In proceedings governed by the Ohio Rules of Civil

Procedure, Civ.R. 24 confers a substantial right to intervene.  "As motion to intervene is a right recognized by Civ.R. 24, intervention constitutes a substantial right under R.C. 2505.02(A)(1)." *Gehm v. Timberline Post & Frame*, 112 Ohio St.3d 514, at ¶ 29. *Gehm* involved an action for damages related to construction of a building and was governed by the Ohio Rules of Civil Procedure. *See also State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 14 (" 'the denial of a motion to intervene, when the purpose for which intervention was sought may be litigated in another action, does not affect a substantial right under R.C. 2505.02(B)(1) that determines the action and prevents the judgment' " quoting *Gehm, supra*).

{¶19}  The underlying dependency/custody proceeding is special proceeding governed by statute and the Ohio Rules of Juvenile Procedure. The Ohio Rules of Juvenile Procedure do not have an intervention procedure like the one set forth in Civ.R. 24. Instead, Juv.R. 2(Y) provides: " 'Party' means a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court." Foster parents and kinship care providers are not included in the definition of "party" in Juv.R. 2(Y). They may only be made a party if the court specifically designates them as a party. *In re J.B.*, 8th Dist. Cuyahoga No. 96652, 2011-Ohio-4830, ¶8-9 (foster parents are not included in the definition of party under Juv.R. 2(Y) and have no standing to intervene).

**{¶20}** Because the Ohio Rules of Juvenile Procedure provide no method for a person to intervene under these circumstances, we look to the Ohio Rules of Civil Procedure for guidance. *In re A.B.,* 4th Dist. Washington No. 09CA17, 2009-Ohio-5733, ¶ 9 (because the Ohio Rules of Juvenile Procedure provided no authority for a party to ask the trial to vacate its decision, the court looked to Civ.R. 60(B) for guidance). Juv.R. 45(B) ("If no procedure is specifically prescribed by these rules or local rule, the court shall proceed in any lawful manner not inconsistent with these rules or local rule."); *In re H.W.,* 114 Ohio St.3d 65, 2007–Ohio–2879, 868 N.E.2d 261, at ¶ 11, citing Civ.R. 1(C)(7) and *State ex. rel. Fowler v. Smith,* 68 Ohio St.3d 357, 360, 1994–Ohio–302, 626 N.E.2d 950. The Supreme Court of Ohio has discussed the applicability of the Rules of Civil Procedure in custody proceedings and has "turned to the Civil Rules for guidance."

> The Rules of Civil Procedure apply to custody proceedings in juvenile court except when they are clearly inapplicable, Civ.R. 1(C)(7), and *State ex rel. Fowler v. Smith* (1994), 68 Ohio St.3d 357, 360, 626 N.E.2d 950. The Civil Rules are not "clearly inapplicable" here, especially in light of Juv.R. 45, which provides, "If no procedure is specifically prescribed by these rules or local rule, the court shall proceed in any lawful manner not inconsistent with these rules or local rule." Thus, we turn to the Civil Rules for guidance. Civ.R. 24 allows parties to join in an action when they have a legal interest or right in the proceeding. The Rules of Civil Procedure further empower trial courts to remove parties upon "motion of any party or of its own initiative at any stage of the action and on such terms as are just." Civ.R. 21. Correspondingly then, there is no reason why a party should not be removed when he or she no longer has any legal interest. The same standards should apply to removal of parties under Juv.R. 2(Y). A court may remove a party when it is just to do so; no separate standard of evaluation for removal is required for juvenile courts.

*In re H.W.*, 114 Ohio St.3d 65, 2007-Ohio-2879, 868 N.E.2d 261, ¶11; *see also In re Schmidt*, 25 Ohio St.3d 331, 336,496 N.E.2d 952 (1986) ("Likewise, the [grandparents] had no *legal interest* in the care and custody of their grandson, which would have

allowed them to intervene as of right pursuant to Civ.R. 24(A)"(Emphasis sic.) analyzing intervention in the context of the now repealed proceedings in R.C. 3109.28).

**{¶21}** Although the Supreme Court of Ohio instructs courts to use Civ.R. 24 "as guidance," there is a recognized split among the districts over the extent to which Civ.R. 24 may be used. *See In re Kei'Andre P.*, 6th Dist. Nos. L-00-1203, JC-99-7168, 2001 WL 127333, *2 (recognizing "a split of authority among Ohio's appellate courts on the issue of whether Civ.R. 24 is applicable to custody proceedings held in the juvenile division of the common pleas court" and concluding that a person seeking to intervene in a legal custody proceeding can only do so under Juv.R. 2, but the juvenile court "may use Civ.R. 24 as a guideline in determining, in its discretion, whether to designate that person a party, but is not required to do so."); see also *In re Byerly,* 11th Dist. Portage Nos. 97-P-0096, 97-P-0097, 1998 WL 684178, *4 ("the applicability of Civ.R. 24 in juvenile court proceedings is open to debate").

**{¶22}** For example, the Twelfth Appellate District has held that the Ohio Rules of Civil Procedure do not apply to custody proceedings. *Squires v. Squires*, 12 Ohio App.3d 138, 468 N.E.2d 73 (12th Dist. 1983) (discussing venue and jurisdictional procedural rules). The Third Appellate District, relying on *Squires*, held that Juv.R. 2 governed who may be parties in a custody proceeding and persons wishing to be a party have no right to intervene under Civ.R. 24. *In re Smith*, 3rd Dist. Allen No. 1-93-74, 1994 WL 49936 (Feb. 18, 1994) ("foster parents have no right under the rules of juvenile procedure to participate as parties in the adjudication of the rights of natural parents and their children"). However, recently the court modified its position and declined to follow *Smith* "to the extent it stands for the proposition that Civ.R. 24 has no

bearing in a custody proceeding." *In re B.L.*, 3rd Dist. Allen Nos.1-15-65,1-15-66, 1-15-67,1-15-68, 2016-Ohio-2982, ¶ 11. Instead, the appellate court determined that Civ.R. 24 would provide "guidance" to a juvenile court, which "may rely on Civ.R. 24 in exercising its discretion under Juv.R. 2(Y)." *Id.* at ¶ 13.

**{¶23}** Most appellate districts have held either expressly or, by implication in their analyses, that Civ.R. 24 provides *guidance* to the trial court in juvenile custody proceedings.[4] *See In the Matter of B.A.*, 7th Dist. Noble Nos. 16NO0433, 16NO0434, 2017-Ohio-1019, ¶ 21 ("Both Juv.R. 2(Y) and Civ.R. 24(B) imbue the trial court with discretion to permit intervention under the appropriate circumstances."); *In re B.L.*, 2016-Ohio-2982 at ¶ 13 ("A juvenile court may rely on Civ.R. 24 in exercising its discretion under Juv.R.2(Y)"); *In re T.H.,* 5th Dist. No. CT2016-0008, 2016-Ohio-7310, ¶ 27 ("Juv.R. 2(Y) and Civ.R. 24(B) give the trial court discretion to permit intervention under the appropriate circumstances."); *In re R.W.*, 2015-Ohio-1031, 30 N.E.3d 254, ¶ 17 (8th Dist.) (citations omitted) ("foster parents have no automatic right to participate as parties in the adjudication of rights of natural parents and their children. Nevertheless, as is apparent from both Juv.R. 2(Y) and Civ.R. 24(B), the trial court may order a child's foster parents to be joined as a party in appropriate cases"): *In re D.E.*, 9th Dist. No. 27368, 2014-Ohio-5333, ¶ 6 ("Civ.R. 24 governs intervention in civil and juvenile court cases, and provides two types of intervention: as of right and permissive."); *In re B.O.*,

---

[4] Extending Civ.R. 24 beyond its role as "guidance" for determinations under Juv.R. 2(Y) could be problematic. Civ.R. 24(C) requires a movant to attach a pleading as defined in Civ.R. 7(A) to the motion to intervene setting forth the claim or defense for which intervention is sought. Such claim must assert a "colorable" interest and be "more than a mere desire for custody or visitation." *In re M.N.*, 9th Dist. Wayne No. 07CA0088, 2008-Ohio-3049, ¶14(grandparents failed to include a pleading as required by Civ.R. 24(C)); *In re W.M.*, 11th Dist. Geauga No. 2016-G-0090, 2017-Ohio-5639 ¶ 16. Because the dependency action is governed by Chapter 2151 (i.e., R.C. 2151.27, R.C. 2151.353, R.C. 2151.414, R.C. 2151.415) a person seeking to intervene in juvenile proceedings under Civ.R. 24 must assert a claim or defense recognized in the relevant statutory provisions that would fulfill the Civ. R. 7(A) pleading requirement in Civ.R. 24(C). Here, Welsh failed to attach a pleading to her motion to intervene.

11th Dist. Lake No. 2011-L-055, 2011-Ohio-6210, ¶ 39 ("Civ.R. 24 governs intervention in civil and juvenile court cases, and provides for two types of intervention: as of right and permissive."); *In re Ring*, 10th Dist. Franklin No. 93APF12-1693, 1994 WL 312904, *2 ("While they are not directed toward providing a juvenile court with guidelines for ascertaining who appropriately may be designated a party, the civil rules, and in particular Civ.R. 24, at least provide parameters for the trial court in exercising the discretion afforded by Juv.R. 2(16) [now Juv.R.2(Y)].")

**{¶24}** We find that the trial courts' use of Civ.R. 24 as "guidance" in their determination of who may be a party under Juv.R. 2(Y) makes Civ.R.24 a judicial tool to aid the juvenile court. It is insufficient to confer a "substantial right" to intervene on a foster parent or kinship provider in juvenile custody proceedings for purposes of R.C. 2505.02(A)(1). *See In re Fell*, 5th Dist. Guernsey No. 2004-CA-39, 2005-Ohio-2415, ¶ 14-17, ¶ 21 (denial of foster parents' motion to intervene is not a final appealable order because it did not affect a substantial right; Juv.R. 2 does not provide foster parents a right to intervene). Because a foster parent or kinship provider has no "substantial right" to intervene in a juvenile custody proceeding, the trial court's order does not affect a substantial right and is not a final, appealable order under R.C. 2505.02(B)(2).

**{¶25}** We are aware that there is a split among the districts and some courts have held that an order denying a motion to intervene in a juvenile custody proceeding is a final, appealable order. *See In re N.M.*, 74 N.E.3d 852, 2016-Ohio-7967 (8th Dist.); *See also* Wolff, Jr., Brogan, McSherry, *Anderson's Appellate Practice and Procedure in Ohio,* Section 3.08, fn. 138 (2016 Ed.) ("You will need to check the law in your own appellate district * * * Some courts permit appeals of these types of orders denying

intervention"). The Supreme Court of Ohio determined a conflict existed concerning, "Whether the denial of a grandparents' motion to intervene in a permanent custody case is a final, appealable order." *In re Young Children*, 119 Ohio St.3d 1142, 2008-Ohio-4487, 893 N.E.2d 514 (2008). However, *In re Young Children* was dismissed by the Court for failure to file a merit brief and it appears the conflict still exists. *In re N.M.*, 74 N.E.3d at ¶10, fn. 3. Additionally, at least one court has distinguished among orders denying intervention in *emergency, temporary,* and *permanent* custody proceedings:

> Accordingly, we find that the denial of Grandfather's third motion to intervene was a final, appealable order, because the ruling was made during the permanent custody phase of the proceeding. Grandfather's first two motions to intervene were made during the emergency custody and temporary custody phases, respectively, and the denials of these two motions were interlocutory orders; thus, res judicata does not bar our review of the case at hand.

*In re N.M.*, at ¶ 12. Because we find a foster parent or kinship provider has no "substantial right" to intervene in a juvenile custody proceeding, we need not make a distinction between the emergency, temporary, and permanent phases of the proceeding for our analysis under R.C. 2505.02(B)(2).

### 2. Analysis under R.C. 2505.02(B)(4): An Order That Grants or Denies a Provisional Remedy

**{¶26}** For an order to qualify as a final appealable order under R.C. 2505.02(B)(4), the order must: (1) grant or deny a provisional remedy, as defined in R.C. 2505.02(A)(3); (2) determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy; and (3) delay in review of the order until after final judgment would deprive appellant of meaningful review. A "provisional remedy" is "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction,

attachment, discovery of privileged matter, suppression of evidence, ***." R.C.

2505.02(A)(3).

{¶27} In proceedings governed by the Ohio Rules of Civil Procedure, an order

denying a motion to intervene may be a final, appealable order under R.C.

2505.02(B)(4) if the purpose for which the intervention is sought is an "ancillary

proceeding" and qualifies as a "provisional remedy." *Gehm v. Timberline Post & Frame*,

112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 27. In *Gehm*, an insurance

company sought to intervene " 'for the ancillary purpose of creating the necessary

record to evaluate any indemnification obligation pursuant to a later declaration of

coverage by another court.' " *Id*. at ¶ 22. A proceeding "ancillary" to an action is one

"attendant upon or aids another proceeding." *Id*. at ¶ 25. "Attendant" means "something

that accompanies." *See* https://www.merriam-webster.com/dictionary/attendant. The

Court held that an ancilliary proceeding is one that accompanies or aids the underlying

action – not one that aids a separate action, such as the declaratory judgment action

anticipated by the insurance company. *Id.* at ¶27. The Court found "no authority to

support the general proposition that a motion to intervene always constitutes a final,

appealable order." *Id.* at ¶ 36.

{¶28} Because the Ohio Rules of Juvenile Procedure do not provide for an

intervention procedure, we use Civ.R. 24 and the *Gehm* analysis as guidance. Here

Welsh did not seek to intervene for any ancillary purposes. Rather, she sought to

intervene so that she could be a party to the underlying juvenile custody proceedings

and participate directly in the proceedings, i.e., contest the trial court's dispositional

orders and file objections to the agency's case plan. Therefore, we hold that the order denying her motion to intervene does not grant or deny a provisional remedy.

{¶29}  In *In re C.J.*, 8th Dist. Cuyahoga Nos. 94210, 94233, 2010-Ohio-3202 the appellate court summarily stated that an "appellant's motions to intervene were certainly attendant upon the juvenile court's custody determinations and would thus be considered provisional remedies." *Id.* at ¶ 9. However, R.C. 2505.02(B)(4) does not require that the motion to intervene be attendant upon or aid the underlying proceeding, but to be attendant upon or aid "another proceeding" within the underlying proceeding (such as a preliminary injunction or suppression hearing). The court in *In re C.J.* did not explain how the appellant's motion to intervene was attendant upon or aided "another proceeding" in the underlying custody action. Although a motion to intervene is related to the underlying proceeding, to be a provisional remedy the motion must accompany or aid "another proceeding" – not the underlying proceeding itself. If a motion to intervene only needed to be attendant to or aid the underlying proceeding, it would have been unnecessary for the Court in *Gehm* to analyze the "ancillary proceeding" the insurance company sought to aid with its motion to intervene. For these reasons we find the analysis in *In re C.J.* to be unpersuasive.

{¶30}  We find that the court's order denying Welsh's motion to intervene in the underlying juvenile custody proceeding did not deny a "provisional remedy" and is not a final, appealable order under R.C. 2505.02(B)(4).

## IV. CONCLUSION

{¶31}  A foster parent or kinship provider has no "substantial right" to intervene in a juvenile custody proceeding. Welsh's motion to intervene was not made as part of a

provisional remedy as it was not attendant upon or an aid to another proceeding. Therefore, the juvenile court's order does not affect a substantial right and is not a final appealable order under R.C. 2505.02(B)(2) or (4) and we lack jurisdiction over this appeal.  **APPEAL DISMISSED.  COSTS TO APPELLANT.**

{**¶32**}  The clerk shall serve a copy of this order on all counsel of record and unrepresented parties at their last known addresses by ordinary mail and record service on the docket. **SO ORDERED.**

Abele, J. and McFarland, J.:  Concur.

**FOR THE COURT**

_____
Marie Hoover
Judge