Hoover, J.
{¶ 1} Appellants Daniel and Elizabeth Starr appeal an order denying their motion to intervene in an action brought by the Jackson County Job and Family Services agency to determine whether T.S. is neglected or dependent and for an award of temporary custody. As it appeared we may not have jurisdiction to consider this matter because the order from which they are appealing may not be a final appealable order, we ordered the Starrs to file a memorandum addressing this jurisdictional issue. See Magistrate's Order, November 1, 2017. In response, the Starrs filed a memorandum in support of jurisdiction which contends that the order affected "a substantial right" to intervene in the proceeding. The Starrs concede that grandparents have no legal right of access to their grandchildren, but argue that the Ohio General Assembly has provided statutory *778 procedures that "impact the role of grandparents" in neglect and dependency cases and therefore gives grandparents the right to intervene as a party. They also contend that they stood in loco parentis and have a right to be joined as parties to the proceedings.
{¶ 2} We find that the trial court's order did not meet the requirements of R.C. 2505.02 ; it was not final and appealable. A grandparent has no "substantial right" to intervene in juvenile custody proceedings. Therefore, the order is not a final, appealable order under R.C. 2505.02(B)(2). The order does not grant or deny a provisional remedy under R.C. 2505.02(B)(4) because the Starrs' motion to intervene was not for any ancillary purpose. Instead, it was filed so that they could directly participate as parties in the underlying custody proceedings and obtain custody of T.S. We lack jurisdiction to address the merits and dismiss the appeal.
I. PROCEDURAL HISTORY
{¶ 3} In August 2017, the agency filed a complaint in the Court of Common Pleas of Jackson County, Juvenile Division, concerning T.S.[1] alleging neglect and dependency and seeking temporary custody, as well as emergency immediate custody. The agency alleged that T.S. lacked adequate parental care because of illegal drug use by T.S.'s parents. The agency alleged that it had discussed with the parents the possibility of relatives to serve as alternative care providers but neither parent identified any relatives.
{¶ 4} The juvenile court granted the agency immediate emergency custody and the child was placed in foster care. An adjudication hearing to determine whether the child was neglected and dependent was set for October 25, 2017. In September 2017, the Starrs filed a motion for temporary and legal custody pursuant to R.C. 2151.353(A)(3), which allows any "person" to file a motion requesting legal custody. The Starrs contended that they are T.S.'s maternal grandmother and step-grandfather and have acted in loco parentis for T.S. In addition, the Starrs filed a motion to intervene as parties in the case, claiming that they are entitled to intervene because they, and not foster parents, are the proper persons to have temporary custody over T.S.[2]
{¶ 5} On September 29, 2017, the trial court denied the Starrs' motion to intervene. The Starrs' appealed the order denying their motion to intervene on October 23, 2017. The juvenile court docket indicates that no further activity has occurred in the juvenile court since the Starrs filed their appeal. There is no indication that the adjudicatory hearing set for October 25, 2017 occurred, the trial court has issued no further entries or orders, and the Starrs' motion for legal custody is still pending.
II. LAW AND ANALYSIS
A. Jurisdiction
{¶ 6} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. Section 3(B)(2), Article IV, Ohio Constitution ; R.C. 2505.02. If an order is not final and appealable, an appellate court has no jurisdiction to review the matter and it must be dismissed. "An order of a court is a final appealable order only if the requirements *779 of both R.C. 2505.02 and, if applicable, Civ.R. 54(B), are met." State ex rel. Scruggs v. Sadler , 97 Ohio St.3d 78, 2002-Ohio-5315, 776 N.E.2d 101 ; see also, Chef Italiano Corp. v. Kent State Univ. , 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus (1989). The threshold requirement, therefore, is that the order satisfies the criteria of R.C. 2505.02. Gehm v. Timberline Post & Frame , 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 15.
{¶ 7} For purposes of this appeal, the relevant portions of R.C. 2505.02 define a final appealable order as follows:
(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
* * *
(2) An order that affects a substantial right in an action made in a special proceeding or upon a summary application in an action after judgment;
* * *
(4) An order that grants or denies a provisional remedy and to which both of the following apply:
(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
1. Analysis under R.C. 2505.02(B)(2) : An Order That Affects a Substantial Right Made in a Special Proceeding
{¶ 8} A judgment entry qualifies as a final, appealable order under R.C. 2505.02 if it "affects" a "substantial right" as defined by R.C. 2505.02(A)(1) and was "made in a special proceeding or upon a summary application in an action after judgment" as set forth in R.C. 2505.02(B)(2). "Actions in juvenile court that are brought pursuant to statute to temporarily or permanently terminate parental rights are special proceedings, as such actions were not known at common law." In re Adams , 115 Ohio St.3d 86, 2007-Ohio-4840, 873 N.E.2d 886, ¶ 43.
{¶ 9} Although a juvenile custody hearing is a special proceeding, a juvenile court order must also affect a "substantial right" to be a final, appealable order under R.C. 2505.02(B)(2). R.C. 2505.02(A)(1) defines "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." "A substantial right is a legal right enforced and protected by law." In re C.B. , 129 Ohio St.3d 231, 2011-Ohio-2899, 951 N.E.2d 398, ¶ 13. If an order does not affect a substantial right, it is not a final appealable order under R.C. 2505.02(B)(1) or (2).
{¶ 10} The Starrs concede that grandparents have no common law right to custody or visitation. See In re Martin , 68 Ohio St.3d 250, 252, 626 N.E.2d 82, 83-84 (1994) ("this court has observed that at common law, grandparents had no legal rights of access to their grandchildren. In re Whitaker (1988), 36 Ohio St.3d 213, 214, 522 N.E.2d 563, 565. In addition we have held that grandparents have no constitutional right of association with their grandchildren. In re Schmidt (1986), 25 Ohio St.3d 331, 336, 25 OBR 386, 390, 496 N.E.2d 952, 957."). The Supreme Court of Ohio has held that if grandparents are to have rights, they must be provided for by statute. Id.
{¶ 11} The Starrs contends that the trial court should allow them to intervene *780 as a party because the "General Assembly has provided dispositional options which impact the role of grandparents in dependency and neglect cases." They contend that R.C. 2151.33(B)(1)(a) ; R.C. 2151.415(A)(3) ; R.C. 2151.415(F) ; and R.C. 2151.353(A)(2)(d)"impact" grandparents sufficiently to bestow upon them the right to intervene. However, the question is not whether a statute "impacts the role of grandparents," but whether the statute confers "a legal right or legally protectable interest in custody or visitation with the child":
A grandparent is a necessary party to juvenile cases only if: (1) the grandparent has a legal right to or a legally protectable interest in custody or visitation with the child, In re Schmidt (1986), 25 Ohio St.3d 331, 336 [496 N.E.2d 952], (2) the grandparent is the child's legal custodian, In re Bowman (1995), 101 Ohio App.3d 599 [656 N.E.2d 355], or (3) the child's parent is under age 18, Juv.R. 2(Y).
In re Hilyard , 4th Dist. Vinton Nos. 05CA630 to 05CA639, 2006-Ohio-1977, ¶26, 2006 WL 1045504 ; see In re Fusik , 4th Dist. Athens No. 02CA16, 2002-Ohio-4410, 2002 WL 1978880 (Harsha, J. & Kline, J. concur in judgment only) (grandparents who had a valid legal custody and visitation order from Cuyahoga court should have been made parties to juvenile proceeding).
{¶ 12} None of the statutes the Starrs cite give grandparents a legal right to or a legally protectable interest in custody. R.C. 2151.33(B)(1)(a) addresses the powers of the court and gives the juvenile court the authority to issue temporary orders, including "an order granting temporary custody of the child to a particular party" and under Juv.R. 2(Y) a grandparent is not a party unless the parent is a minor, which is not an issue here.
{¶ 13} The Starrs cite two subsections in R.C. 2151.415 that they contend give grandparents the right to intervene. R.C. 2151.415(A)(3) addresses certain agency obligations and sets up a time frame by which the agency that has temporary custody of a child must file a motion for a disposition order. It provides that the agency could ask the court to issue an "order that the child be placed in the legal custody of a relative or other interested individual." It does not give grandparents a legal right to or a legally protectable interest in custody, and the fact that the court is considering a relative does not make that relative a party to the proceedings. See R.C. 2151.28(B)(1) (After a child is adjudicated a neglected or dependent child, the court must consider whether there are any relatives willing to be temporary custodians. However, the statute explicitly states, "The court's consideration of a relative for appointment as a temporary custodian does not make that relative a party to the proceedings."). The other subsection the Starrs cite is R.C. 2151.415(F), which allows the court or a party to the action to move to modify or terminate a prior dispositional order and request that the child be placed in the legal custody of a relative or other interested individual, among other possible outcomes. The statute gives the right to move for custody modifications to a party-here "party" does not include grandparents and does not give the Starrs a legal right or a legally protectable interest in custody.
{¶ 14} R.C. 2151.353(A)(2)(d) is the only statutory provision the Starrs cite that gives non-parties the right to file a motion requesting legal custody. That section allows a court to award legal custody of a child who has been adjudicated abused, neglected, or dependent "to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of *781 the child * * *." As we noted in In re. R.R. , 4th Dist. Athens 17CA21, 2017-Ohio-8928, ¶ 15, fn. 3, 88 N.E.3d 969, this provision does not require that the movant be made a party as a prerequisite to filing a motion for legal custody. See also In re D.S. , 9th Dist. Summit No. 24554, 2009-Ohio-4658, ¶ 11, 2009 WL 2873168 ("By its very terms, therefore, the statute [ R.C. 2151.353(A)(3) ] permits the trial court to award legal custody of a child to any person, so long as that person files a written motion for legal custody prior to the dispositional hearing. Pursuant to this statute, this individual need not be a party to the action in order to file a motion for legal custody."); In re Smith , 3rd Dist. Allen No. 1-93-74, 1994 WL 49936, *2 (Feb. 18, 1994) (the granting of a custody motion under R.C. 2151.353(A)(3)"does not give the movant the status of a party in the case"); see, e.g., Richardson v. Richardson , 4th Dist. Scioto No. 09CA3293, 2009-Ohio-6492, ¶ 8, 2009 WL 4725980 (finding that a similar provision in R.C. 3109.051(B) does not require a person to intervene as a party to file a motion for companionship and visitation in a divorce action and holding that a court's entry denying intervention by grandparents is not a final, appealable order because it does not affect a substantial right under R.C. 2505.02(B) ).
{¶ 15} The Starrs argue that when the court denied their motion to intervene, the court "was denying their right to seek an Order placing the legal custody of [T.S.] with them." However, contrary to their assertion, the order denying their motion to intervene does not address their custody motion. The record below indicates that the juvenile court has not ruled on the Starrs' separate custody motion or taken any other action after the Starrs filed their notice of appeal. It appears that T.S. has not yet been adjudicated dependent or neglected.
{¶ 16} We find that the statutory provisions governing juvenile proceedings do not give the Starrs a "legal right to or a legally protectable interest in custody" and therefore they have no "substantial right" to intervene as grandparents and be joined as parties. The trial court's denial of the motion to intervene does not prevent the Starrs from pursuing their motion for legal custody.
{¶ 17} The Starrs argue that they have a right to intervene because they acted in loco parentis for T.S. by providing financial support to T.S.'s mother. The Starrs cite no legal support for their contention that a grandparent who acts in loco parentis and has a legal right to intervene on this ground. See In re D.D.O. , 11th Dist. Lake No. 2011-L-054, 2011-Ohio-6209, ¶ 38, 2011 WL 6016955 (rejecting as "disingenuous" a grandmother's argument that In re Schmidt , 25 Ohio St.3d 331, 496 N.E.2d 952 (1986) gives a person who stands in loco parentis to a child the right to intervene in a custody proceeding, "To suggest that this was the court's holding misleads the reader and fails to properly articulate the true holding of the Schmidt court. This court has recognized that Schmidt in fact, stands for the proposition that 'in general, grandparents have no constitutionally protected right or legal interest to custody or visitation of their grandchildren.' ").
{¶ 18} In In re Hilyard, supra , we cited In re Schmidt , 25 Ohio St.3d 331, 336, 496 N.E.2d 952 (1986) and determined that a grandparent is a necessary party to a juvenile proceeding under Juv.R. 2(Y) if the grandparent "has a legal right to or a legally protectable interest in custody or visitation." The concurring opinion in In re Schmidt recognized that juvenile courts have discretion in determining who will be a party to a juvenile proceeding and that intervention by grandparents "is appropriate" "where the grandparents have stood *782 in loco parentis to their grandchild." Id. at 338, 496 N.E.2d 952, 957 (Celebrezze, C.J. concurring). The concurring opinion stated that if the grandparent stood in loco parentis "it is my view that a denial of the grandparents' motion to intervene would constitute an abuse of discretion." Thus, under the concurring opinion, in loco parentis status is a factor the juvenile court should consider when exercising its discretion to name a grandparent as a party under Juv.R. 2(Y) and may make joining them "appropriate"-but it does not confer a legal right to intervene. Moreover, in loco parentis status is not the deciding factor-the best interest of the child is an important factor in considering whom to join as a party. See In re D.D.O. at ¶ 40 (finding that the juvenile court did not abuse its discretion in denying motion to intervene by grandmother who stood in loco parentis but had a previous abuse adjudication involving other grandchildren). Thus, a grandparent's in loco parentis status is a factor the juvenile court would consider under Juv.R. 2(Y), but it does not confer a "legal right to or a legally protectable interest in custody" that would give the grandparent the right to be made a party.
Grandparents possess limited legal rights in juvenile proceedings through the operation of the Juvenile Rules. Specifically, Juv.R. 2(Y) defines a "party" as "a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent , in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court." (Emphasis added.) Thus, this rule grants a child's grandparents the right to be automatically joined as necessary parties to a custody hearing if, and only if, the child's parent or parents are under the age of majority.
In re H.W. , 114 Ohio St. 3d 65, 2007-Ohio-2879, 868 N.E.2d 261, ¶ 10.
{¶ 19} Because grandparents have no constitutional, statutory or common law right to intervene in juvenile custody proceedings, the only other remaining possible source conferring a "substantial right" is in "a rule of procedure." R.C. 2505.02(A)(1). In proceedings governed by the Ohio Rules of Civil Procedure, Civ.R. 24 confers a substantial right to intervene. "As motion to intervene is a right recognized by Civ.R. 24, intervention constitutes a substantial right under R.C. 2505.02(A)(1)." Gehm v. Timberline Post & Frame , 112 Ohio St.3d 514, at ¶ 29, 861 N.E.2d 519. Gehm involved an action for damages related to construction of a building and was governed by the Ohio Rules of Civil Procedure. See also State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty. , 121 Ohio St.3d 507, 2009-Ohio-1523, 905 N.E.2d 1192, ¶ 14 (" 'the denial of a motion to intervene, when the purpose for which intervention was sought may be litigated in another action, does not affect a substantial right under R.C. 2505.02(B)(1) that determines the action and prevents the judgment' " quoting Gehm, supra ).
{¶ 20} The underlying dependency/custody proceeding is a special proceeding governed by statute and the Ohio Rules of Juvenile Procedure. The Ohio Rules of Juvenile Procedure do not have an intervention procedure like the one set forth in Civ.R. 24. We recently held that Civ.R. 24 provides guidance to the trial court in juvenile custody proceedings and that the trial courts' use of Civ.R. 24 as "guidance" in their determination of who may be a party under Juv.R. 2(Y) makes Civ.R.24 a judicial tool to aid the juvenile court. It is insufficient to confer a "substantial right" to intervene on a grandparent in juvenile *783 custody proceedings for purposes of R.C. 2505.02(A)(1). See In re. R.R. , 4th Dist. Athens 17CA21, 2017-Ohio-8928, 88 N.E.3d 969, and cases cited therein. Because a grandparent has no "substantial right" to intervene in a juvenile custody proceeding, the trial court's order does not affect a substantial right and is not a final, appealable order under R.C. 2505.02(B)(2).
2. Analysis under R.C. 2505.02(B)(4) : An Order That Grants or Denies a Provisional Remedy
{¶ 21} For an order to qualify as a final appealable order under R.C. 2505.02(B)(4), the order must: (1) grant or deny a provisional remedy, as defined in R.C. 2505.02(A)(3) ; (2) determine the action with respect to the provisional remedy and prevent a judgment in favor of the appealing party with respect to the provisional remedy; and (3) delay in review of the order until after final judgment would deprive appellant of meaningful review. A "provisional remedy" is "a proceeding ancillary to an action, including, but not limited to, a proceeding for a preliminary injunction, attachment, discovery of privileged matter, suppression of evidence, * * *." R.C. 2505.02(A)(3).
{¶ 22} In proceedings governed by the Ohio Rules of Civil Procedure, an order denying a motion to intervene may be a final, appealable order under R.C. 2505.02(B)(4) if the purpose for which the intervention is sought is an "ancillary proceeding" and qualifies as a "provisional remedy." Gehm v. Timberline Post & Frame , 112 Ohio St.3d 514, 2007-Ohio-607, 861 N.E.2d 519, ¶ 27. In Gehm , an insurance company sought to intervene " 'for the ancillary purpose of creating the necessary record to evaluate any indemnification obligation pursuant to a later declaration of coverage by another court.' " Id. at ¶ 22. A proceeding "ancillary" to an action is one "attendant upon or aids another proceeding." Id. at ¶ 25. "Attendant" means "something that accompanies." See https://www.merriam-webster.com/dictionary/attendant. The Court held that an ancillary proceeding is one that accompanies or aids the underlying action-not one that aids a separate action, such as the declaratory judgment action anticipated by the insurance company. Id. at ¶ 27. The Court found "no authority to support the general proposition that a motion to intervene always constitutes a final, appealable order." Id. at ¶ 36.
{¶ 23} Because the Ohio Rules of Juvenile Procedure do not provide for an intervention procedure, we use Civ.R. 24 and the Gehm analysis as guidance. Here the Starrs did not seek to intervene for any ancillary purposes. Rather, they sought to intervene so that they could be parties to the underlying juvenile custody proceedings and participate directly in the proceedings, i.e., contest the trial court's dispositional orders and obtain temporary and legal custody of T.S. Therefore, we hold that the order denying their motion to intervene does not grant or deny a provisional remedy.
{¶ 24} In In re C.J. , 8th Dist. Cuyahoga Nos. 94210, 2010-Ohio-3202, 2010 WL 2690580 the appellate court summarily stated that an "appellant's motions to intervene were certainly attendant upon the juvenile court's custody determinations and would thus be considered provisional remedies." Id. at ¶ 9. However, R.C. 2505.02(B)(4) does not require that the motion to intervene be attendant upon or aid the underlying proceeding, but to be attendant upon or aid "another proceeding" within the underlying proceeding (such as a preliminary injunction or suppression hearing). The court in In re C.J. did not explain how the appellant's motion to intervene was attendant upon or aided "another proceeding" in the underlying custody *784 action. Although a motion to intervene is related to the underlying proceeding, to be a provisional remedy the motion must accompany or aid "another proceeding"-not the underlying proceeding itself. If a motion to intervene only needed to be attendant to or aid the underlying proceeding, it would have been unnecessary for the Court in Gehm to analyze the "ancillary proceeding" the insurance company sought to aid with its motion to intervene. For these reasons we find the analysis in In re C.J. to be unpersuasive.
{¶ 25} The Starrs contend that the order is a final order under R.C. 2505.02(B)(4) but they do not provide any supporting argument or explanation for this contention. They also contend that they have filed two separate lawsuits seeking custody and visitation of T.S. pursuant to R.C. 2151.23(A)(2) (defining a juvenile court's exclusive original jurisdiction over certain child custody determinations) and R.C. 3109.12 (governing visitation rights of relatives when child's mother is unmarried).[3] If we construe their argument to be that these other two lawsuits are the "ancillary proceedings" for which the intervention is sought then this argument must be rejected. The Court in Gehm, supra , held that an "ancillary proceeding" is one within the attendant, underlying action-not another separate case. Gehm at ¶ 26-27.
{¶ 26} We find that the court's order denying the Starrs' motion to intervene in the underlying juvenile custody proceeding did not deny a "provisional remedy" and is not a final, appealable order under R.C. 2505.02(B)(4).
{¶ 27} The juvenile court's order denying the Starrs' motion to intervene is not a final, appealable order under R.C. 2505.02. It is interlocutory and may be reviewed after the juvenile court issues its final judgment. See, e.g., Dilacqua v. DiLacqua , 88 Ohio App.3d 48, 57, 623 N.E.2d 118 (9th Dist. 1993) ("interlocutory orders are not 'non-appealable' * * * rather they are not immediately appealable * * * claimed prejudicial error with respect to an interlocutory order maybe reviewed on appeal after a judgment, decree, or final order is entered in the case in which the interlocutory order was entered."); In re Mourey , 4th Athens No. 02CA48, 2003-Ohio-1870, 2003 WL 1869911 (order denying grandmother's motion to intervene was reviewed during the appeal of the final disposition order awarding permanent custody to agency); In re Hilyard , 4th Dist. Vinton Nos. 05CA630 to 05CA639, 2006-Ohio-1977, 2006 WL 1045504 (juvenile court's decision not to make grandmother a party was reviewed during the appeal of order granting agency permanent custody); In the Matter or B.A. , 7th Dist. Noble Nos. 16NO0433, 2017-Ohio-1019, 2017 WL 1058830 (juvenile court's decision to grant aunt's motion to intervene was reviewed during the appeal of order awarding aunt permanent custody); In re D.S. , 9th Dist. Summit No. 24554, 2009-Ohio-4658, 2009 WL 2873168 (denial of grandparent's motion to intervene was given appellate review *785 after the juvenile court issued an order awarding permanent custody to agency); In re Fell , 5th Dist. Guernsey No. 05CA9, 2005-Ohio-5299, 2005 WL 2420382 (denial of foster parent's motion to intervene was reviewed by appellate court after the juvenile court issued an order awarding permanent custody to agency); In re D.T. , 10th Dist. Franklin No. 07AP-853, 2008-Ohio-2287, 2008 WL 2026024 (April 2007 order denying cousin's motion to intervene was reviewed by appellate court during appeal of the October 2007 order awarding permanent custody to agency); contra In re C.G. , 12th Dist. Preble Nos. CA2007-03-005 and 006, 2007-Ohio-4361, ¶ 52, 2007 WL 2410714 (grandparents' appeal of order denying their motion to intervene was untimely where grandparents waited until after the court issued its order awarding permanent custody to agency to appeal, which was more than 30 days after the court denied their motion).
{¶ 28} As we noted in In re R.R., supra , there is a split among the districts and some courts have held that an order denying a motion to intervene in a juvenile custody proceeding is a final, appealable order. See In re N.M. , 74 N.E.3d 852, 2016-Ohio-7967 (8th Dist.) ; See also Wolff, Jr., Brogan, McSherry, Anderson's Appellate Practice and Procedure in Ohio , Section 3.08, fn. 138 (2016 Ed.) ("You will need to check the law in your own appellate district * * * Some courts permit appeals of these types of orders denying intervention"). The Supreme Court of Ohio determined a conflict existed concerning, "Whether the denial of a grandparents' motion to intervene in a permanent custody case is a final, appealable order." (Emphasis added) In re Young Children , 119 Ohio St.3d 1442, 2008-Ohio-4487, 893 N.E.2d 514 (2008). However, In re Young Children was dismissed by the Court for failure to file a merit brief and it appears the conflict still exists. In re N.M. , 74 N.E.3d at ¶ 10, fn. 3. Additionally, at least one court has distinguished among orders denying intervention in emergency, temporary , and permanent custody proceedings:
Accordingly, we find that the denial of Grandfather's third motion to intervene was a final, appealable order, because the ruling was made during the permanent custody phase of the proceeding. Grandfather's first two motions to intervene were made during the emergency custody and temporary custody phases, respectively, and the denials of these two motions were interlocutory orders; thus, res judicata does not bar our review of the case at hand.
In re N.M. , at ¶ 12 (appellate court reviewed the order denying grandfather's motion to intervene before the juvenile court (1) issued a final order awarding permanent custody or (2) ruled on the grandfather's R.C. 2151.353(A)(3) custody motion).
{¶ 29} Because we find a grandparent has no "substantial right" to intervene in a juvenile custody proceeding, we need not make a distinction between the emergency, temporary, and permanent phases of the proceeding for our analysis under R.C. 2505.02(B)(2).
IV. CONCLUSION
{¶ 30} A grandparent has no "substantial right" to intervene in a juvenile custody proceeding. The Starrs' motion to intervene was not made as part of a provisional remedy as it was not attendant upon or an aid to another proceeding. Therefore, the juvenile court's order does not affect a substantial right and is not a final appealable order under R.C. 2505.02(B)(2) or (4) and we lack jurisdiction over this appeal. APPEAL DISMISSED. COSTS TO APPELLANT.
{¶ 31} The clerk shall serve a copy of this order on all counsel of record and unrepresented parties at their last known *786 addresses by ordinary mail and record service on the docket. SO ORDERED.
Abele, J. and McFarland, J.: Concur.

A second child was also named in the complaint but this appeal does not concern that child.

The Starrs' motion to intervene cited no legal authority in support of this motion, so we presume they filed it pursuant to Civ.R. 24.

Additionally, the Starrs contend that the order denying their motion to intervene bars them from seeking custody and visitation in their other lawsuits. They argue that they "may be deemed to have made a collateral attack on this order in their other actions." Any potential collateral attack issues that might arise in other cases is too speculative, remote and unripe for our consideration. Moreover, it is irrelevant to our finality analysis under R.C. 2505.02.